RECEIVED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

ALONZO AUSTIN )
   Plaintiff, )
v. ) Case No. 3:07cv754-MHT
CITY OF Tuskegee, )
Mayor Johnny FORD, ) "Demand for Jury Trial"
Municipal Court Judge )
ALBERT C. BULLS III, )
Police Chief Patrick, )
Prosecutor R. Keith Thomas, )
and Police Officer )
Bernice Dawson, )
(Individually and )
Officially). )
   Defendants, )

## COMPLAINT.

FOR DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1981 & 83 and § 1985.

Plaintiff alleges, (1) That Defendants City of Tuskegee, Mayor Johnny Ford, Municipal Court Judge Albert C. Bulls III, City Police Chief Patrick, Prosecutor R. Keith Thomas and City Police Officer Bernice Dawson, of the City of Tuskegee. Wrongfully and unlawfully initiated a malicious abuse of criminal process prosecuting and finding me guilty of speeding pursuant to an unlawful and invalid traffic ticket issued by City Officer Dawson For speeding outside of the Corporate Limits of the municipality in violation of § 32-5A-171(9).

and (2) the above Named Defendant's are in violation of 42 U.S.C.S. §1981 and §1983 and §1985 depriving me of my rights, privileges and immunities secured for me by the Constitution and the Laws of the United States. While acting under the Color of State Law §32-5A-171(9) and in the clear absence of all Subject Matter jurisdiction

I. Introduction.

1. This is an action pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983+§85 and 28 U.S.C. §1343 seeking redress for the deprivation of the plaintiff's Constitutional Rights. Venue is proper in the MIDDLE DISTRICT OF ALABAMA as all acts Complained of occurred in Macon County of ALABAMA.

II. Jurisdiction.

2. This court has jurisdiction over this action under 28 U.S.C. §1343(a)(3) for a violation of Constitutional Rights as provided in 42 U.S.C. §1981 and §1983+§85. The plaintiff seeks monetary Damages for restitution and and Cost pursuant to 42 U.S.C. §1988, and to vacate judgment of the municipal court.

3. The plaintiff seeks redress for violation of the plaintiff's Rights pursuant to the fourth Amendment of the Constitution of the United States to be free from illegal seizures, the plaintiff's right to be free from police harassment and intimidation as provided for in

the fifth and six Amendments of the Constitution of the United States; the plaintiff's Right to be free from malicious Abuse of process and unlawful seizures as provided for by the fourth and fourteenth Amendments to the Constitution of the United States; and the plaintiff's Right to Due process and equal protection of the Law as guaranteed by the fourteenth Amendment to the Constitution of the United States.

III. <u>Identity of Parties</u>

4. The Plaintiff, <u>ALONZO AUSTIN</u>, is an adult African-American citizen of the United States and of the State of <u>ALABAMA</u> residing in Tuskegee.

5. The Defendant's are <u>City of Tuskegee</u> and Mayor: <u>Johnny Ford</u>, Municipal Judge: <u>Albert C. Bulls III</u>, Police Chief: <u>Patrick</u>, Prosecutor <u>R. Keith Thomas</u>, and City police officer <u>Bernice Dawson</u>. Tuskegee is a public body corporate which has been organized and which exists under and pursuant to the Laws of the State of <u>ALABAMA</u>. Tuskegee has been Authorized and empowered by the Laws of the State of <u>ALABAMA</u>, to establish a municipal Court facility. Pursuant to § 12-14-2.(a) and (b). The above named Defendant's have each been duly appointed to their respective positions and each is presently serving in such capacity and have under their jurisdiction, management and control over matters referred to herein, including

6. Acting under color of the authority conferred upon them by the Laws of the State of ALABAMA and the Ordinances of Tuskegee the Defendants have adopted and or presently pursuing a policy, practice, custom and usage of operating a "Speed trap" approximately a quarter of a mile outside of City Limits along State Hiway #81 N toward Interstate 85 where the maximum speed limit pursuant to §32-5A-171(6) is 55 M.P.H.

7. Plaintiff is a member of a protected class for purposes of the equal protection clause.

8. At all times relevant to the allegations contained herein. The above named Defendants acted under the color of State Law, Regulations, Customs, and Policies.

## IV.    Facts.

9. On July 5, 2007 at 8:40 am Plaintiff was an operator of a vehicle in the County of Macon, ALABAMA Near old Western Inn, Heading North on 81.

10. On July 5, 2007 at 8:40 am, Defendant City officer Bernice Dawson, was wearing the uniform of the Tuskegee City Police and was operating a vehicle identified as a Tuskegee Police Unit, near 81 N. and I-85

11. On July 5, 2007 without probable cause or justification Defendant Bernice Dawson activated the emergency lighting system of

patrol vehicle and caused plaintiff to stop my vehicle, in the Old Western Inn parking lot.

12. On July 5, 2007 Defendant Bernice Dawson issued to plaintiff, Citation Number N0966261 Charging plaintiff with violating State Statute §32-5A-171 relating to speeding cited for doing 60 mph in a 45 mph zone outside of City Limits along State Hiway 81N. A copy of the citation is attached hereto and incorporated herein as exhibit "I"

13. Following the issuance of the citation plaintiff moved for a dismissal on the grounds that Municipal Court lacked jurisdiction or in the alternative motion for trial by jury. Both motions were denied by Municipal Judge Albert C. Bulls III.

14. Municipal Court Judge Albert C. Bulls III order plaintiff to raise right hand which I did under duress then Judge Bulls, ask plaintiff for his plea and plaintiff replied with all due respect judge, this Court lacks jurisdiction and with that being said the judge entered a plea of Not guilty on my behalf and again plaintiff objected but to no avail. Prosecutor R. Keith Thomas, City Officer Bernice Dawson and Municipal Judge Albert C. Bulls III over my objections conducted the trial finding Plaintiff guilty of speeding 55 mph in 45 mph zone. With a $120.00 fine and court cost plus points.

15. Plaintiff paid the fine of $120.00 on 8/20/07 as order by Municipal Judges, Albert C. Bulls III. And plaintiff received a receipt from the CITY OF TUSKEGEE, a Named Defendant within this complaint. See attached as exhibit #2.

16. Municipal Judge Albert C. Bulls III and the other Defendants Officers acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of plaintiff. Municipal Judge Bulls actions and the actions of the other Defendant Officers constitute malicious abuse of process and deprivations of Rights Liberties and immunities without Due process of Law.

17. Upon information and belief, at all times pertinent hereto, Tuskegee permitted and tolerated a pattern and practice of shooting Radar outside of Corporate Limits of the Municipality. Along State highway 81 Near I-85.

COUNT I; VIOLATION OF CONSTITUTIONAL RIGHTS
Defendants Judge Bulls, Prosecutor Thomas, & Officer Dawson.
Compensatory Damages, $100,000.00
18. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 17.

19. The intentional denial of plaintiff Alternative Motion for trial by Jury and instead finding plaintiff Guilty in a non Jury trial by Defendants Judge Bulls,

R. Keith Thomas. and City police officer Bernice Dawson, violated the rights of Plaintiff as guaranteed by the Six amendment to the united States Constitution, for which defendant officers are individually Liable. (Compensatory Damages) $100,000.

COUNT II; VIOLATION OF CONSTITUTIONAL RIGHTS.
 Defendant City of Tuskegee and Supervisor, Patrick. and Mayor Ford., (Compensatory Damages) $100,000

20. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 19.

21. At all times pertinent hereto, Defendant Bernice Dawson, was acting within the scope of her employment and pursuant to the aforementioned policies and practices of Tuskegee. These policies and practices were enforced by the Defendants Chief Patrick and Mayor Ford, and were the moving force, proximate cause, or affirmative link behind the conduct causing the plaintiff's injury. Tuskegee and defendant's Patrick and Ford are therefore Liable for the violation of Plaintiff's Constitutional rights by Defendant Bernice Dawson.

COUNT; III VIOLATION OF CONSTITUTIONAL RIGHTS
 Defendants; Bulls, Thomas, and Dawson
   (Exemplary Damages) $250,000.00

22. Plaintiff incorporates herein by reference

the allegations contained in paragraphs 1 through 21.

23. The Defendants wrongful prosecution of Plaintiff for speeding on a state hiway outside of corporate limit of the municipality where the state maximum speed limit is 55 and where Defendant Judge Bulls and prosecutor R. Keith Thomas and in concert with City Police Officer Bernice Dawson acted under color of state Law and in the clear absence of all Subject matter Jurisdiction. disregarding Constitutional Rights of plaintiff. plaintiff is thus entitled to exemplary Damages.

COUNT IV: VIOLATION OF STATUTORY CIVIL RIGHTS
  Defendants Bulls, Thomas and Dawson
       (Compensatory Damages) $100,000 ⁰⁰

24. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 23.

25. The Defendants wrongful prosecution and the issuing of the unlawful and invalid traffic Ticket pursuant to §32-5A-171 without the subsection thereto was done deliberate and with malice Toward Plaintiff and the total disregard for the statutory Civil Rights of Plaintiff.

COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS
  Defendants Bulls, Thomas and Dawson
       (Compensatory Damages) $100,000 ⁰⁰

26. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 25.

27. Defendants Judge Bulls, Prosecutor Thomas and City Police Dawson conspired to violate Plaintiff statutory civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C. § 1983, for which Defendants Bulls, Thomas and Dawson are individually liable.

COUNT VI RESPONDEAT SUPERIOR LIABILITY
Defendant: CITY OF Tuskegee
(Compensatory Damages) $100,000.00

28. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 27.

29. At all times pertinent hereto, Defendants Bulls, Thomas and Dawson were acting within the scope of their employment as an officer of Tuskegee Police Department and Municipal Court.

30. The State of ALABAMA, is liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of Defendants, Bulls, Thomas and Dawson committed within the scope of their employment.

COUNT VII RESPONDEAT SUPERIOR LIABILITY.
Defendants Bulls, Thomas, and Dawson
(Compensatory Damages) $200,000.00

31. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 30.

32. Tuskegee through its agents expressly authorized Defendants City Police Officer Bernice Dawson to illegally shoot Radar on 81 N. outside of the Municipal City Limits, and to unlawfully stop vehicles along State hiway 81 outside of city limit and to issue tickets for speeding to any vehicle legally traveling the maximum legal speed of 55 mph on such hiway claiming instead that said speed limit is 45 m.p.h. Defendants Bulls and prosecutor Thomas, would then prosecute unlawful action as if it was lawful. With Tuskegee acquiescing in the Defendant's wrongful conduct as was done to plaintiff in the clear absence of all subject matter jurisdiction and under color of State Law. Plaintiff is thus entitled to exemplary damages against Tuskegee for the malicious conduct of Defendants.

COUNT VIII MALICIOUS ABUSE OF PROCESS
Defendants. BULLS, THOMAS and DAWSON
(Compensatory Damages) $100,000.00

33. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 32.

34. Defendants Judge Bulls, Prosecutor Thomas and City Police Bernice Dawson, used

Criminal process against plaintiff in order to intimidate him and to dissuade plaintiff from asserting his rights against Defendants in order to cover up their own wrongdoing and to avoid civil and criminal liability for their own acts.

35. Defendants Bulls, Thomas and Dawson knowingly prosecuted plaintiff against the Statute §32-5A-171(9) and his motion to dismiss for lack of jurisdiction or in the alternative motion for trial by Jury in violation of plaintiff 6th Amendment rights to the Constitution of the United States.

36. As a proximate result of this malicious abuse of process plaintiff suffered the damages as aforesaid.

WHEREFORE plaintiff request that this Court enter judgment against Defendants and award the following amounts;
   a. $600,000.00 Compensatory damages in favor of plaintiff
   b. $450,000.00 Exemplary damages in favor of plaintiff
   c. Cost of this action to plaintiff and to set aside municipal court order and $120.00 fine against plaintiff.
   d. Such other and further relief as the Court may deem appropriate;

Alonzo Austin, pro se
by: Alonzo Austin, pro se
ALONZO AUSTIN
1321 Oliver-Carlis Rd., Tuskegee, AL. 36083, (334)727-5471

| FORM UTC-1 REV. 3/97 | ALABAMA UNIFORM TRAFFIC TICKET AND COMPLAINT | COURT CASE NO. 071959 |
|---|---|---|

ALABAMA, COUNTY OF **Macon** | CO. | CITY | TICKET NUMBER **N 0966261**

The undersigned, being duly sworn, deposes and says that he/she has probable cause to believe and does believe that the person herein named did, within the previous 12 months, commit the offense set forth contrary to law in that: on or about **07/05/07** At Approx. **8:40 PM**

TYPE VEHICLE: ☐ Commercial ☐ Haz-Mat Involved ☐ Other ☐ Private

First Name: **Alonzo**  Middle/Maiden:  Last: **Austin**
Address: **1321 Oliver Carlis Rd**
City: **Tuskegee**  State: **AL**  Zip Code: **36083**
State: **AL**  Driver's License Number: **4575542**
Sex: **M**  Race: **B**  DOB: **4/3/78**  Social Security Number: **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**
Drivers License in Possession: ☐ Yes ☐ No
Hgt: **6'3**  Wgt: **246**  Eyes: **BRO**  Hair: **BK**  Vehicle Tag Number: **84KZ7B**  State: **AL**  Year: **07**
Vehicle Description: **2001 Lincoln LS**
Owner of Vehicle ☐  Driver ☐  Employer ☐  Other ☐

Did unlawfully operate a motor vehicle, other vehicle, or ☐ otherwise unlawfully use a public street, road, highway or other place, at or near **AL 81**, within the ☐ city limits or ☐ police jurisdiction of **Tuskegee**, or ☐ within **Macon** County, at or near the following location **AL 199** in violation of ☐ Section **32-5A-171** Code of Alabama 1975, ☐ or Rule/Regulation number (or) ☐ Municipal Ordinance No. **87/7**, duly adopted and in force at the time the offense was committed, (if applicable) ☐ adopting Section _____ Code 1975, more particularly described below:

CHECK THE APPROPRIATE BLOCK:
1 ☒ Speeding **60** MPH **45** Speed Limit
2 ☐ Reckless Driving
3 ☐ Driving Without First Obtaining a Driver's License
DID DRIVE OR BE IN ACTUAL PHYSICAL CONTROL OF A VEHICLE WHILE:
4 ☐ There was .08% or More By Weight of Alcohol in His/Her Blood
4 ☐ Under the Influence of Alcohol
5 ☐ Under the Influence of Controlled Substance
71 ☐ Under the Combined Influence of Alcohol and Controlled Substance
72 ☐ Under the Influence of any Substance which Impairs the Mental or Physical Faculties
6 ☐ Failure to Yield Right of Way
☐ Other Violation (Specify)

7 ☐ Driving While Revoked
8 ☐ Driving While Suspended
10 ☐ Running Red Light
13 ☐ Improper Equipment (Specify)
14 ☐ Improper Passing
28 ☐ Improper Tag (Specify)
29 ☐ Improper Turn
42 ☐ Overweight Vehicle
61 ☐ Child Restraint Violation
77 ☐ Seat Belt Violation

FACTS RELATING TO THE OFFENSE: (Witnesses, etc)
☐ Companion Case (Traffic, Non-Traffic, Felony, Other)
☐ Accident Involved

Complainant's Signature: _[signed]_  Officer ID: **634**  Agency ORI: **AL 0460100**
Verified and Acknowledged before me this date (Circle Title) Judge/Magistrate: _[signed]_  **7/9/07**
☒ Municipal  ☐ District Court
COURT APPEARANCE INFORMATION
Phone: **334 720 0583**
Court Appearance Date: **8/9/07**  Time: **9:00 AM**
Court Address: **302 S Main Tusk, AL**

I promise to appear in court at said time and place or otherwise comply with the provisions of this complaint and instructions of the notice part of this ticket.
Defendant's Signature: _[signed]_  Phone (   )
☐ Released on Own Recognizance  ☐ Driver's License Posted in Lieu of Bond

N/O  ABSTRACT OF COURT RECORD - DPS DATA INPUT

TICKET # N 0966261  CASE #

receipt2.prn

CITY OF TUSKEGEE
302 SOUTH MAIN STREET
TUSKEGEE, ALABAMA   36083

Case Number: TR-07-001959
Name: ALONZO AUSTIN
Record Number: 0019407
Receipt Number: 0003834
Payment Type: _____

Date: 8/20/07
Time: 09:19:36
Source: RK/TUSCARLA
Cashier: _____
Paid by Bond Forfeiture: _____

| Amount | Description |
|---|---|
| $20.00 | Fine Payment |
| $100.00 | Court Cost Payment |
| $.00 | Restitution/Other Payment |
| $.00 | Cash Bond |
| **$120.00** | **Payment Total** |

| Amount | Description |
|---|---|
| $.00 | Fine Balance |
| $.00 | Court Cost Balance |
| $.00 | Restitution/Other Balance |
| $.00 | **Total Balance Due** |
| $.00 | **Cash Bond Balance** |

| Case number | Charge description | Balance | Case number | Charge description | Balance |
|---|---|---|---|---|---|
| TR-07-001959 | SPEEDING | .00 | | | |

Balance of all cases after payment above. This balance reflects all cases that match the following:
First name, Middle name, Last name, Race, Sex, Date of Birth. If you have a case with this court with
a difference of the above, that case will not be reflected in this balance.

$.00

Form number: 051/CS102R

BALANCES AS OF   8/20/07

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000215
Cashier ID: khaynes
Transaction Date: 08/23/2007
Payer Name: ALONZO AUSTIN
-----------------------------------
CIVIL FILING FEE
 For: ALONZO AUSTIN
 Case/Party: D-ALM-3-07-CV-000754-001
 Amount:       $350.00
-----------------------------------
CASH
 Amt Tendered: $350.00
-----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00
```

AUSTIN V. CITY OF TUSKEGEE ET AL