IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-cv-754-MHT |
| | ) | |
| CITY OF TUSKEGEE, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

### ANSWER

COME NOW Defendants City of Tuskegee, Mayor Johnny Ford, Judge Albert C. Bulls, III, Chief Lester Patrick, Honorable R. Keith Thomas, and Officer Bernice Dawson (hereinafter "Defendants"), by and through the undersigned counsel, to respond to the Complaint of Plaintiff Alonzo Austin, and hereby submit their Answer, Motions to Dismiss, and Affirmative Defenses as follows:

1.a. These Defendants deny the material allegations of the unnumbered paragraph beginning on page 1 of the Complaint and demand strict proof there of.

1. To the extent that a response is necessary to paragraph 1 of the Complaint, these Defendants admit that venue is proper in the Eastern Division of the United States District Court for the Middle District of Alabama.

2. To the extent that a response is required to paragraph 2 of the Complaint, these Defendants admit that jurisdiction is proper in this Court.

3. To the extent that a response is required to paragraph 3 of the Complaint, these Defendants admit that the Plaintiff has rights under the Constitution of the United States, but these Defendants deny any violation thereof.

4. These Defendants admit that Plaintiff Alonzo Austin is an African-American male residing in Tuskegee, Alabama.

5. These Defendants admit that the City of Tuskegee is a municipality incorporated under the laws of the State of Alabama and has legal authority to establish a municipal court system; admit that Judge Bulls, Chief Patrick, and Mr. Thomas have been duly appointed to their respective positions; and admit that the City of Tuskegee, Mayor Ford, and Chief Patrick have management and control over the Tuskegee Police Department. These Defendants deny the remaining material allegations of paragraph 5 of the Complaint and demand strict proof thereof.

6. These Defendants deny the material allegations of paragraph 6 of the Complaint and demand strict proof thereof.

7. With respect to paragraph 7 of the Complaint, these Defendants admit that the Plaintiff is an African-American male, but deny that the Plaintiff is a

member of a protected class with regard to any of the causes of action as alleged in the Complaint.

8. With respect to paragraph 8 of the Complaint, these Defendants admit they acted in accordance with State law and municipal ordinances, but deny they acted under the color of unspecified "regulations, customs, and policies."

9. Admitted.

10. These Defendants deny the material allegations of paragraph 10 of the Complaint and demand strict proof thereof.

11. These Defendants deny the material allegations of paragraph 11 of the Complaint and demand strict proof thereof.

12. These Defendants deny the material allegations of paragraph 12 of the Complaint and demand strict proof thereof.

13. These Defendants deny the material allegations of paragraph 13 of the Complaint and demand strict proof thereof.

14. These Defendants deny the material allegations of paragraph 14 of the Complaint and demand strict proof thereof.

15. Admitted.

16. These Defendants deny the material allegations of paragraph 16 of the Complaint and demand strict proof thereof.

17. These Defendants deny the material allegations of paragraph 17 of the Complaint and demand strict proof thereof.

18. These Defendants respond to paragraph 18 of the Complaint as set forth in paragraphs 1.a. through 17 of this Answer.

19. These Defendants deny the material allegations of paragraph 19 of the Complaint and demand strict proof thereof.

20. These Defendants respond to paragraph 20 of the Complaint as set forth in paragraphs 1.a. through 19 of this Answer.

21. These Defendants deny the material allegations of paragraph 21 of the Complaint and demand strict proof thereof.

22. These Defendants respond to paragraph 22 of the Complaint as set forth in paragraphs 1.a. through 21of this Answer.

23. These Defendants deny the material allegations of paragraph 23 of the Complaint and demand strict proof thereof.

24. These Defendants respond to paragraph 24 of the Complaint as set forth in paragraphs 1.a. through 23 of this Answer.

25. These Defendants deny the material allegations of paragraph 25 of the Complaint and demand strict proof thereof.

26. These Defendants respond to paragraph 26 of the Complaint as set forth in paragraphs 1.a. through 25 of this Answer.

27. These Defendants deny the material allegations of paragraph 27 of the Complaint and demand strict proof thereof.

28. These Defendants respond to paragraph 28 of the Complaint as set forth in paragraphs 1.a. through 27 of this Answer.

29. These Defendants deny the material allegations of paragraph 29 of the Complaint and demand strict proof thereof.

30. To the extent that a response is required of these Defendants to paragraph 30 of the Complaint, these Defendants deny the material allegations therein and demand strict proof thereof.

31. These Defendants respond to paragraph 31 of the Complaint as set forth in paragraphs 1.a. through 30 of this Answer.

32. These Defendants deny the material allegations of paragraph 32 of the Complaint and demand strict proof thereof.

33. These Defendants respond to paragraph 33 of the Complaint as set forth in paragraphs 1.a. through 32 of this Answer.

34. These Defendants deny the material allegations of paragraph 34 of the Complaint and demand strict proof thereof.

35. These Defendants deny the material allegations of paragraph 35 of the Complaint and demand strict proof thereof.

36. These Defendants deny the material allegations of paragraph 36 of the Complaint and demand strict proof thereof.

To the extent that a response is required of these Defendants to the "WHEREFORE" paragraph on the eleventh unnumbered page of the Complaint, these Defendants deny that the Plaintiff is entitled to compensatory damages, deny that the Plaintiff is entitled to exemplary damages as a matter of law, deny that this Plaintiff is entitled to any relief, and demand strict proof thereof.

## MOTIONS TO DISMISS

1. These Defendants plead that the Plaintiff has failed to state a claim upon which relief can be granted and this Complaint is due to be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

2. These Defendants move to dismiss Count I of the Complaint, alleging these Defendants denied the Plaintiff's right to trial by jury, pursuant to Rule 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted on the following grounds:

    a.    Pursuant to Alabama Code § 32-5A-8 Plaintiff's violation of Alabama Code § 32-5A-171 is a misdemeanor which may not be punished by imprisonment by more than three months.

    b.    Plaintiff is only entitled to a jury trial pursuant to the Sixth Amendment of the United States Constitution if he is being tried for a "serious" offense. *United States v. Chavez*, 204 F.3d 1305, 1310 (11th Cir. 2000). *Citations omitted.* A crime that carries a maximum penalty of imprisonment of six months or less is presumed petty and does not entitle a Defendant to a jury trial. *Id.*

    c.    As Plaintiff is not entitled to a trial by jury for the traffic violation made the basis of this lawsuit, Count I of the Complaint fails to state a claim upon which relief can be granted and is due to be dismissed.

3.    These Defendants move to dismiss Count II of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and as grounds therefor state the following:

    a.    Plaintiff fails to identify any constitutional rights that were violated by these Defendants;

    b.    Plaintiff fails to specify what clearly established statutory or constitutional rights were violated;

    c.      Plaintiff fails to identify and describe the "policies and practices" that lead to the Plaintiff's alleged injury; and

    d.      Plaintiff fails to allege relevant facts with the specificity required to meet the heightened pleading requirement for civil rights cases involving the defense of qualified immunity as here. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), *see also Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992) and *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001).

4.    These Defendants move to dismiss Count III of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and as grounds therefor state the following:

    a.      Plaintiff fails to identify any constitutional rights that were violated by these Defendants;

    b.      Plaintiff fails to specify what clearly established statutory or constitutional rights were violated; and

    c.      Plaintiff fails to allege relevant facts with the specificity required to meet the heightened pleading requirement for civil rights cases involving the defense of qualified immunity as here. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), *see also Oladeinde v. City of*

    *Birmingham*, 963 F.2d 1481 (11th Cir. 1992) and *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001).

5.  These Defendants move to dismiss Count IV of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and as grounds therefor state the following:

  a.  Plaintiff fails to identify any constitutional rights that were violated by these Defendants;

  b.  Plaintiff fails to specify what clearly established statutory or constitutional rights were violated; and

  c.  Plaintiff fails to allege relevant facts with the specificity required to meet the heightened pleading requirement for civil rights cases involving the defense of qualified immunity as here. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), *see also Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992) and *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001).

6.  These Defendants move to dismiss Count V of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and as grounds therefor state the following:

    a.    Plaintiff fails to identify any constitutional rights that were violated by these Defendants;

    b.    Plaintiff fails to specify what clearly established statutory or constitutional rights were violated; and

    c.    Plaintiff fails to allege relevant facts with the specificity required to meet the heightened pleading requirement for civil rights cases involving the defense of qualified immunity as here. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), *see also Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992) and *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001).

7. These Defendants move to dismiss Count VI of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and as grounds therefor state the following:

    a.    Plaintiff fails to identify any constitutional rights that were violated by these Defendants;

    b.    Plaintiff fails to specify what clearly established statutory or constitutional rights were violated;

    c.    Plaintiff fails to identify and describe the "policies and practices" that lead to the Plaintiff's alleged injury;

    d.    Supervisory officials are not liable for the unconstitutional acts of their subordinates on the basis of *respondeat superior* alone, as alleged in this Complaint. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). *Citations omitted.*; and

    e.    Plaintiff fails to allege relevant facts with the specificity required to meet the heightened pleading requirement for civil rights cases involving the defense of qualified immunity as here. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), *see also Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992) and *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001).

8.    These Defendants move to dismiss Count VII of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and as grounds therefor state the following:

    a.    Plaintiff fails to identify any constitutional rights that were violated by these Defendants;

    b.    Plaintiff fails to specify what clearly established statutory or constitutional rights were violated;

    c.    Plaintiff fails to identify and describe the "policies and practices" that lead to the Plaintiff's alleged injury;

    d.    Supervisory officials are not liable for the unconstitutional acts of their subordinates on the basis of *respondeat superior* alone, as alleged in this Complaint. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). *Citations omitted.*; and

    e.    Plaintiff fails to allege relevant facts with the specificity required to meet the heightened pleading requirement for civil rights cases involving the defense of qualified immunity as here. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), *see also Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992) and *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001).

9.    These Defendants move to dismiss Count VIII of the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) and as grounds therefor state the following:

    a.    Plaintiff fails to identify any constitutional rights that were violated by these Defendants;

    b.    Plaintiff fails to specify what clearly established statutory or constitutional rights were violated;

    c.    Plaintiff fails to identify and describe the "policies and practices" that lead to the Plaintiff's alleged injury;

    d.    Supervisory officials are not liable for the unconstitutional acts of their subordinates on the basis of *respondeat superior* alone, as alleged in this Complaint. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003). *Citations omitted.*; and

    e.    Plaintiff fails to allege relevant facts with the specificity required to meet the heightened pleading requirement for civil rights cases involving the defense of qualified immunity as here. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), *see also Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992) and *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001).

## AFFIRMATIVE DEFENSES

1. These Defendants plead the general issue.
2. These Defendants plead qualified immunity.
3. These Defendants plead discretionary function immunity.
4. These Defendants plead immunity pursuant to *Alabama Code* § 6-5-338.
5. These Defendants plead immunity as described in *Ex parte Cranman*, 792 So.2d 392 (Ala. 2000).
6. These Defendants plead that they were exercising their judgment in the enforcement of the criminal laws of the State of Alabama and City of

Tuskegee, including but not limited to, law enforcement officers arresting or attempting to arrest persons.

7. These Defendants plead sovereign immunity.

8. These Defendants plead that they are entitled to immunity.

9. These Defendants plead that their actions were justified.

10. These Defendants plead that their actions were the same actions as a reasonable law enforcement officer would have taken under the same circumstances.

11. These Defendants plead that their actions were reasonable.

12. These Defendants plead that the Plaintiff was not deprived of property or liberty without due process.

13. These Defendants plead that the Plaintiff's constitutional rights were not violated.

14. These Defendants plead that a policy or custom of the City of Tuskegee was not the proximate cause of Plaintiff's alleged constitutional violation.

15. These Defendants plead that the Plaintiff failed to avail himself of all possible due process procedures.

16. These Defendants plead that the Plaintiff was guilty as charged.

17. These Defendants plead that their actions were not malicious or intended to cause harm.

18. These Defendants plead that they did not violate any state law set forth in the Code of Alabama.

19. These Defendants plead that the City of Tuskegee cannot be held liable under a theory of *respondeat superior* as alleged in the Complaint.

20. These Defendants plead that Mayor Ford cannot be held liable under a theory of *respondeat superior* as alleged in the Complaint.

21. These Defendants plead that Chief Patrick cannot be held liable under a theory of *respondeat superior* as alleged in the Complaint.

22. These Defendants plead that Judge Bulls cannot be held liable under a theory of *respondeat superior* as alleged in the Complaint.

23. These Defendants plead that Mr. Thomas cannot be held liable under a theory of *respondeat superior* as alleged in the Complaint.

24. These Defendants plead that punitive damages are not recoverable against the City of Tuskegee.

25. These Defendants plead that any recovery of damages is limited in whole or in part by statute or common law.

26. These Defendants plead that punitive damages are not recoverable on the facts alleged in the Complaint.

27. These Defendants plead that the Complaint fails to properly state a claim for punitive damages.

28. These Defendants plead that any award of punitive damages to a Plaintiff who does not satisfy a burden of proof equal to or greater than the "beyond a reasonable doubt" burden of proof required in criminal cases violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the Alabama Constitution.

29. These Defendants plead that the procedures through which punitive damages are imposed allow awards that exceed the maximum criminal fine for the same or similar conduct and, as such, violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the Alabama Constitution.

30. These Defendants plead that the procedures through which punitive damages are awarded violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and the Due

Process Clause of the Alabama Constitution because they allow joint and several judgments against multiple Defendants for different alleged acts of wrongdoing.

31. These Defendants plead that the procedures by which punitive damages are awarded are unconstitutionally vague.

32. These Defendants plead that any award of punitive damages is subject to all standards and limitations provided by *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) and *Cooper Industries, Inc. v. Leatherman Tool Group*, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

33. These Defendants plead that the Plaintiff was treated the same as other similarly situated individuals.

34. These Defendants plead that the Plaintiff has failed to allege any constitutional violation.

35. These Defendants plead that the Plaintiff has failed to allege any act or omission by these Defendants as a result of the Plaintiff's membership in a protected class.

36. These Defendants plead that they are not subject to suit in their official capacities.

37. These Defendants reserve the right to amend their Answer and plead additional Affirmative Defenses for a reasonable time upon the completion of discovery in this case.

                                           s/S. Mark Dukes
                                           S. MARK DUKES (ASB-9697-U77S)
                                           Counsel for Defendants City of Tuskegee, Mayor Johnny Ford, Judge Albert C. Bulls, III, Chief Lester Patrick, Honorable R. Keith Thomas, and Officer Bernice Dawson

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile
mdukes@nixholtsford.com

## CERTIFICATE OF SERVICE

      I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to

Mr. Alonzo Austin
1321 Oliver-Carlis Road
Tuskegee, AL 36083


on this the 14th day of September 2007.


                                  s/S. Mark Dukes
                                  OF COUNSEL