IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 3:07-cv-754-MHT |
| | ) | |
| CITY OF TUSKEGEE, *et al.*, | ) | |
| | ) | |
|     **Defendants.** | ) | |

<u>**MOTION TO DISMISS FOR WANT OF PROSECUTION**</u>

COME NOW Defendants City of Tuskegee, Mayor Johnny Ford, Judge Albert C. Bulls, III, Chief Lester Patrick, Honorable R. Keith Thomas, and Officer Bernice Dawson (hereinafter "Defendants"), by and through the undersigned counsel, and respectfully move this Honorable Court to dismiss the above-styled action on grounds that the Plaintiff has failed to prosecute his case, and as grounds therefore state the following:

    1.    On October 29, 2007 a Scheduling Order was entered by this Honorable Court setting a deadline for all discovery authorized by Rules 26 through 37 and Rule 45 of the *Federal Rules of Civil Procedure* be completed on or before January 30, 2008.

    2.    On January 4, 2008 counsel for these Defendants wrote to the Plaintiff requesting he provide his overdue discovery responses without further delay and

that he provide some dates on which he would be available to give his deposition within time to meet the Court-Ordered discovery cutoff of January 30, 2008. This letter was followed by telephone messages left at the telephone number provided by the Plaintiff that yielded no response.

3.  In a "P.S." written on an overdue discovery document, the Plaintiff instructed counsel for the Defendants to "send me a letter with several open dates and I will try and accommodate one by answering your correspondence soon after I select a date, preferably in the afternoon after 1:00 p.m. and in Tuskegee or the Shorter area." Since time was of the essence, with the fast approaching discovery cutoff, counsel for these Defendants made additional telephone calls to the Plaintiff's number requesting the Plaintiff call to schedule a mutually convenient date. These calls were not returned by the Plaintiff.

4.  On the morning of January 23, 2008 the paralegal for Defendant's counsel, telephoned and left a message for the Plaintiff that since he had never responded with any dates for his deposition, that his deposition would be noticed for 2:00 p.m. on Friday, January 25, 2008 at the office for counsel for the Defendants in Montgomery. The Plaintiff left a telephone message in response indicating that he had received the message concerning the deposition date and time and requested that all future correspondence and notices be sent to him by facsimile at

his wife's place of business. A copy of the deposition notice was mailed to the Plaintiff and sent by facsimile per his request.

5. On January 24, 2008 the Plaintiff filed "Objections" to the Defendants' Notice of Deposition stating that the notice of deposition was "unreasonable" and that he would be deposed only "at a location in or near Tuskegee or as far away as Shorter, Alabama." Plaintiff's objections are without merit. The case *sub judice* is pending in the United States District Court for the Middle District of Alabama, which is located in Montgomery, Alabama. Thus, Plaintiff's objection to traveling approximately 35 miles to the city where his lawsuit is pending is without merit, frivolous, and appears to have been made solely for the purpose of frustrating the taking of his deposition. Furthermore, the Plaintiff did not request a hearing on his objections, did not request the Court enter a protective order concerning the location of depositions, nor did the Plaintiff request the Court strike the Notice of Deposition.

6. On January 25, 2008, at 2:00 p.m. counsel for the Defendants was present with a Court Reporter to take the Plaintiff's deposition at the location stated in the deposition notice. The Plaintiff did not appear for his deposition nor did he provide any word that he would not appear.

7.  In a final attempt to take the Plaintiff's deposition before the discovery cutoff, counsel for the Defendants made arrangements to take the Plaintiff's deposition in Tuskegee at the offices of *Gray, Langford, Sapp, McGowan, Gray & Nathanson* (in the location the Plaintiff demanded) on the afternoon of January 30, 2008. This information was provided to the Plaintiff by telephone message and facsimile on January 29. Three followup telephone calls were made to the Plaintiff on the morning of January 30, 2008.

8.  At noon on January 30, 2008 counsel for the Defendants received a facsimile from the Plaintiff indicating that he would not be attending his deposition set for later that day and suggesting deposition dates well beyond the Court's January 30, 2008 discovery cutoff.[1]

9.  Counsel for these Defendants has attempted to cooperatively work with the Plaintiff to schedule his deposition. Every attempt to schedule the Plaintiff's deposition has met with a failure of the Plaintiff to respond or with unjustified preconditions or delays. The discovery deadline has now passed and these Defendants have been unable to take the Plaintiff's deposition. As a result, these Defendants have been unfairly prejudiced by the Plaintiff's actions that have

---

[1] It should be noted that Plaintiff stated in his discovery responses that he has not been employed in ten years and no reason has been given by the Plaintiff for his inability to schedule his deposition or attend either of his noticed depositions.

prevented them from conducting full and adequate discovery to prepare defenses to the Plaintiff's claims.

WHEREFORE, on the grounds that the Plaintiff has willfully refused to cooperate in reasonable discovery to prosecute his case, these Defendants respectfully pray this Honorable Court dismiss this lawsuit, or provide such other and additional relief as the Court finds just and equitable pursuant to Rule 37 of the *Federal Rules of Civil Procedure*.

        s/S. Mark Dukes
S. MARK DUKES (ASB-9697-U77S)
Counsel for Defendants City of Tuskegee,
Mayor Johnny Ford, Judge Albert C. Bulls,
III, Chief Lester Patrick, Honorable R.
Keith Thomas, and Officer Bernice Dawson

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile
mdukes@nixholtsford.com

**CERTIFICATE OF SERVICE**

      I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to

Mr. Alonzo Austin
1321 Oliver-Carlis Road
Tuskegee, AL 36083


on this the 11th day of February, 2008.


                                                  s/S. Mark Dukes
                                                  OF COUNSEL