# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

RECEIVED
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

RECEIVED
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ALONZO AUSTIN | ) |
| Plaintiff | ) CASE NUMBER |
| V. | ) 3:07-CV-754 MHT |
| CITY OF TUSKEGEE et,al. | ) |
| Defendant's | ) Via Certified Mail |

## PLAINTIFF MOTION FOR SUMMARY JUDGMENT.

COMES NOW, Plaintiff, Alonzo Austin, and Moves this Honorable Court for the entry of an order granting its Motion for Summary Judgment, Against THE CITY OF Tuskegee et al, Pursuant to Rule 56(C) of The Federal Rule of Civil Procedure, on the grounds that there is No genuine issue as to any material fact and the plaintiff(s) is entitled to Judgment as a matter of Law.

IN Support of this Motion, Plaintiff(s) refers to the record in this action, including the Complaint, the answer to it, and plaintiff(s) : Attached Affidavit, Exhibits "1", "C", "2" & "3" And Submitted brief.

Respectfully Submitted.

by. Alonzo Austin, pro se.
ALONZO AUSTIN

1321 River Carlis Rd., Tuskegee, AL 56083    Pho (334) 727-5476

2 OF 22

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALONZO AUSTIN )
  Plaintiff )
            ) Case Number
V. )
            ) 3:07-CV-754 MHT
CITY OF TUSKEGEE et.al )
  Defendant's )

## AFFIDAVIT IN SUPPORT OF PLAINTIFF (S)
## MOTION FOR SUMMARY JUDGEMENT

STATE OF ALABAMA }
              } SS.
COUNTY OF MACON }

ALONZO AUSTIN, Who, being first duly Sworn,
deposes and Says:

1. I am ALONZO AUSTIN, and have
knowledge of the facts set forth.
    This Affidavit is Submitted in Support
of the plaintiff (S) motion for Summary Judgment
for the purpose of Showing that there is in
this action no genuine issue as to any
material fact, and that the Plaintiff (S) is
entitled to judgment as a matter of Law.
    2. On July 5, 2007, at approximately 8:40 am
I was driving my vehicle North on state Highway 81

heading toward I-85 as my vehicle rounded the curve into the straight away nearing the old Tuskegee or Western Inn, Tuskegee City Police Officer Bernice Dawson, was traveling slowly along the shoulder of State highway 81 facing South toward the City of Tuskegee and North of the Old Tuskegee or Western Inn, when she activated her blue Lights upon the Police Cruiser Causing me to stop in the Old Tuskegee or Western Inn South parking Lot. Where City Police Officer Dawson issued me a traffic citation for Speeding 60 mph in a 45 mph Zone Out Side the City Limits of Tuskegee. See: attached Citation indentified as exhibit "1"

   3. Subsequently, Tuskegee City Police Officer Bernice Dawson, instructed me to Call City Clerks Office, to determine the ticket amount or if I wished to appear in court to Contest Same the date would be August 9, 2007 at 9 am, before municipal Judge, The Honorable Albert C. Bulls.

   4. Several days Later I decided to research the Statute in an effort to determine my rights under Same only to find the Violated Statute cited by City Police Officer Bernice Dawson, §32-5A-171, was missing its Sub Section, after researching the Statute thoroughly I determined the missing Sub-Section was (9), which ironically barred the action

Taken against me by Tuskegee City Police Officer
Bernice Dawson, on July 5, 2007, and the
actual Lawful Speed Limit on State Hiway 81
North out side the Tuskegee City Limits at or
Near the Old Tuskegee or Western Inn was 55mph
rather that the 45 mph Claimed by THE
CITY OF Tuskegee's Police Officer Bernice Dawson,

5. I Rushed and filed my Motion for dismissal
on the ground that the municipal Court Lacked
Jurisdiction or in the alternative, motion for
trial by Jury which I expected would be held
in the Circuit court of macon County (See Ex "C")

6. On August 3, 2007 I filed motion to Dismiss
for Lack of Jurisdiction or in the alternative,
Motion for trial by Jury: See attached as
Exhibit "C". in the City Clerks Office.

7. On august 9, 2007 at 9:00am I
appeared in municipal Court before the Honorable
Albert C. Bulls III., who ask me for my
Plea at which time I replied Judge with all
due respect. I have a motion before the Court
to dismiss this Action for Lack of Jurisdiction
pursuant to § 32-5A-171(9), Judge Bulls, then
Stated to me Mr. Austin, I am a Judge and
I know the Law. Now,!! I ask you again, Mr.
Austin How do you Plea I began to repeat my
Self at which time Judge Bulls Stated Mr. Austin,
I will enter a plea for you of Not Guity.

I began to Object!!! that's when Judge BULLS, ordered me to raise my right hand to be Sworn. I reluctantly complied, Within a few minutes it was all over after Officer Dawson of the Tuskegee Police, Testified that on the day in question she was Shooting Radar back toward the City of Tuskegee, per her Assignment and Observed my Vehicle traveling Near the Tuskegee or Western INN, speeding 60 mph in the 45 mph ZONE, Where in she Stopped me and followed my vehicle into the South most parking Lot of the Old Tuskegee or Western INN and issued said Ticket.

8. The City of Tuskegee Municipal Court Judge ALBERT C. BULLS III, found me guilty of speeding 55 mph., on State High way 81 N., outside of the City of "Tuskegee Municipal Corporate Limits." Where the Legal Posted Speed is 55 MPh. and I was ALSO fined $120⁰⁰ For Violating "Statute 8 32-5A-171 (9), with both my Motions, Ignored, more over, I was given 14 days to pay said fine or be Jailed. See: exhibit "3", and I paid the fine of $120⁰⁰ on 8/20/07 see exhibit "2" attached as well. Alonzo Austin Pro-se

by. Alonzo Austin.

Jerry R. McRae, Notary

Com. Expires 2-28-09



JERRY R. McRAE
NOTARY
PUBLIC
ALABAMA STATE AT LARGE

## BRIEF

## I. THE FACTS

The factual circumstances from a review of Plaintiff, Case file herein as it pertain to the Defendant's are as follows:

(1) Plaintiff, ALONZO AUSTIN, Sues Defendants "The CITY OF TUSKEGEE et. al." in their individual and official capacities for Damages. (Actual $120⁰⁰) (Compensatory $600,000⁰⁰) (Punitive $450,000⁰⁰) (Cost of Court) and to Set a Side Court Order and fine on 08/09/07, of $120⁰⁰ for Speeding 55/45 with ADJUDICATION of Guilty Regarding Ticket Number 096 6261.

(2) And for among other things, Malicious Abuse of Process for Wrongfully and unlawfully Prosecuting Plaintiff and finding same guilty of Speeding pursuant to an illegal stop resulting in an unlawful and invalid Traffic Ticket issued by one of the Defendant's Tuskegee's City Police officer BERNICE Dawson, for Speeding outside of the Corporate Limits of the Municipality in Violation of § 32-5A-171(9). on July 5, 2007.

(3) The plaintiff's seeks redress For Violation of its rights pursuant to the fourth Amendment of the Constitution of the United States, to be free from illegal Seizures, the plaintiff's right to be free from police harassment and intimidation as provided for in the fifth and Six Amendments of the Constitution of the United States; the plaintiff's, right to be free from malicious abuse of process and unlawful Seizures as provided for in the fourth and fourteenth Amendments To the Constitution of the United States; and the plaintiff's, right to due process and equal protection of the Law as guaranteed by the fourteenth Amendment to the Constitution of the United States.

(4) Plaintiff is a member of a protected Class for purposes of the Equal Protection Clause. as I am an African American Citizen.

(5) plaintiff Alonzo Austin, hear and Now files his Motion For Summary Judgment, against the Defendent's, the CITY OF TUSKEGEE et, al.

## II. STATEMENT OF LAW

A. A party in a Lawsuit may move a Court to enter Summary Judgment before trial,

FED. R. CIV. P. 56(a) and (b), Summary
Judgment is appropriate when the moving
party establishes that there is no genuine issue
of material fact and the moving party is
entitled to judgment as a matter of Law.
FED. R. CIV. P. 56(C), Celotex Corp. V. Catrett,
477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.
2d 265 (1986), Gonzalez V. Lee County
Housing Authority, 161 F. 3d 1290, 1294 (11th Cir.
1998)

Once the movant meets its burden under
Rule 56, the Non-Movant must desinate
specific facts showing there is a genuine
issue for trial. Matsushita Elec. Indus.
Co., Ltd. V. Zenith Radio Corp., 475 U.S.
574, 586-87, 106 S.Ct. 1348, 89 L. Ed. 2d
538 (1986).

The party opposing Summary Judgment must
respond by setting forth specific evidence in the
record and articulating the precise manner
in which that evidence supports his or her
claim, and may not rest upon the mere al-
legations or denials of the pleadings, FED. R.
CIV. P. 56 (E), Johnson V. Board of Regents
of the University of Georgia, 263 F. 3d 1234,
1264 (11th Cir. 2001)

**B.** CITY OF TUSKEGEE, IS NOT ENTITLED TO ABSOLUTE IMMUNITY IN THEIR OFFICIAL CAPACITIES FROM PLAINTIFF DAMAGES.

. As these governmental officials, have Not established that they were acting within their discretionary authority on July 5, 2007, when officer Bernice Dawson, testified in Municipal Court on 8/9/07 she was on assignment for the Tuskegee City Police, at the Tuskegee, or Western Inn, Location on the 5th of July 2007, approximately 840 am, shooting Radar, back into the City Limits While operating outside of same when she Clocked plaintiff, speeding 60 mph in a 45 mph Zone along 81 N. a State Highway, heading toward I-85, Near her Location at the old Tuskegee or Western Inn, Where plaintiff Was unlawfully stopped in the South Parking Lot and giving Citation # 096626/, in Violation of 32-5A-171(9) Which is a State Statute that prohibits the action- taken by the Tuskegee City Police, and as such the CITY OF TUSKEGEE Violated plaintiff Fourth and fourteenth Amendments rights to the United States Constitution as they Were outside of the Municipal Corporate Limit issuing Traffic Ticket in Vilation of 32-5A-171(9)

and more over, The Municipal Court an1
City Prosecutor have not proven that they were
acting within their discretionary Authority
On August 9, 2007, when they Convene court
ignored Plaintiff Motion to DISMISS, For Lack
Of Jurisdiction or in the Alternative allow
a Jury trial, by transferring Case if
Necessary. how ever, instead there of, Plaintiff,
Was prosecuted and found guilty of the
Same Law that protects him from the
Very action that Defendant's Claim Plaintiffs
Was in Violation Of With a $120= Fine or
Jail time if not paid by August 23, 2007.
as Order by Municipal Judge Albert C. Bulls
   The afor mention action by these Defendants
Also violated plaintiff fourth and fourteenth Amend-
ment Rights to the U.S. Constitution.
      And as Such the Law is Well Settled
11th Amendment protection extends to States
Not Municipality as Cities are Considered
Person, as in MONELL V. New York City
Dept. Of Social Services, 436 u.s. 658, 98 S.Ct.
2018, 56 L. Ed. 2d 611 – which held that
a municipality is a Person under § 1983 – is
Not to the Contrary, Since States are protected
by the ELeven Amendment While Municipalities
are Not Pp. 2307 – 2311.

## C. CITY OF TUSKEGEE IS NOT ENTITLED TO QUALIFIED IMMUNITY IN THEIR INDIVIDUAL CAPACITY FROM PLAINTIFF DAMAGES

While Municipalities are protected from Liability to some extent, they enjoy No qualified immunity from suit under § 1983. 42 U.S.C.A § 1983

Furthermore, a municipality can not be held Liable on a respondeat superior theory but only where a municipal policy or custom caused the constitional injury. 507 U.S. at 166, 113 S.Ct. at 1162. However, protection from Liability does Not encompass immunity from suit. Where a § 1983 claim is asserted against a municipality, only the Liberal pleading Standards of Rule 8(a)(2) apply. 507 U.S. at 168, 113 S.Ct. at 1163.

Additionally qualified immunity protects Government official performing discretionary functions from Suits in their individual capacities unless their conduct violates clearly established Statutory or constitutional rights of which reasonable person would have known.

## D. Defendants violated Plaintiff Statutory Rights under under 32-5A-171(9) Code of AL. 1975.

E. DEFENDANT Violated Plaintiff CONSTITUTIONAL Rights THE Fourth and Fourteenth Amendments, TO The U.S. CONSTITUTION.

When plaintiff was Unlawfully Stopped on July 5, 2007 out side of the City limits of Tuskegee For Speeding 55/45 along State Highway 81 No. wherein the Lawful Speed Limit is 55 Mph and yet the Municipal Court found Plaintiff Guilty of in essence Speeding 55 in a 55 mile a hour Zone. ON a State highway in ALABAMA Which is the Maximum Lawful Speed Limit.

## VEHICLE STOPS

A Seizure occurs Whenever a vehicle is Stop therefore the Fourth Amendment applies.

A traffic stop is a Seizure within the Meaning of the Fourth Amendment, US. V. Purcell, 236 F. 3d. 1274, 1277 (11th Cir. 2001).

THERE FORE, in the interest of Justice Punitive and Compensatory Damages Show Issue for this malicious Abuse of Process.

## III CONClusion.

Based upon the foregoing undisputed facts and Applicable Case Law, Plaintiff, Alonzo Austin, respectfully request that this Honorable issue an order granting plaintiff, Alonzo AUSTIN, MOTION For Summary Judgment Against the Defendant's City of Tuskegee et al.

Respectfully Submitted

Alonzo Austin, Pro Se
ALONZO AUSTIN
1321 Oliver-Carter Rd
Tuskegee, Al, 36083
Ph# (334) 727-5476

14 of 22

# CERTIFICATE OF SERVICE

I hereby Certify that I have Served
a Copy of the Foregoing Documents
Upon the following
    CITY OF Tuskegee et.al.
    C/o MIX HOLTSFORD, GILLIAND HIGGINS
    AND HITSON P.C.
      P.O. Box 4128
    Montgomery Al. 36103-4128
by placing Same in the U.S. Mail
postage pre paid on February 21, 2008

      by Alonzo Austin pro s
      Alonzo Austin
      1321 Oliver-Carlis Rd.
      Tuskegee Al. 36083
      Ph# (334) 727-5476

Exhibit "1"

15 of 22



FORM UTC-1 REV. 3/97

**ALABAMA UNIFORM TRAFFIC TICKET AND COMPLAINT**

COURT CASE NO. 07 1959

ALABAMA, COUNTY OF Macon   CO. CITY  TICKET NUMBER N 0966261

The undersigned, being duly sworn, deposes and says that he/she has probable cause to believe and does believe that the person named did, within the previous 12 months, commit the offense set forth contrary to law in that: on or about

Month Day Year: 10/15/07   At Approx. Time 8:40 □AM ☑PM

TYPE VEHICLE □Commercial □Haz-Mat Involved □Other ☑Private

First Name: Alonzo  Middle/Maiden  Last: Austin
Address: 2321 Oliver Carlis Rd
City: Tuskegee, Al   Zip Code: 36083
Driver's License Number: 4575542
DOB: 4/3/76  Social Security Number: 413580355   Drivers License in Possession □Yes □No
Sex: M  Race: B  Hgt: 5  Wgt: 248  Eyes: Bro  Hair: Blk  Vehicle Tag Number: 84R7R   State: AL  Year:
Vehicle Description: Lincoln LS   Owner of Vehicle ☑Driver □Employer □Other

CHECK THE APPROPRIATE BLOCK:
1 □Speeding 60 MPH 45 Speed Limit
UCR Code    KM NO.   Street/Road Code

☑Municipal □District Court
Phone 334 720 0583
Court Appearance Date 8/9/07 Time 9:00 Court Address 302 So Main Tusk. Al

TICKET# N 0966261

ABSTRACT OF COURT RECORD - DPS DATA INPUT

16 of 22

EXHIBIT
Composite 6 of 6

IN THE MINICIPAL COURT OF TUSKEGEE

CITY OF TUSKEGEE,
      Plaintiffs
V.
                              Case No.
ALONZO AUSTIN
      Defendant,



DEFENDANT ALONZO AUSTIN'S MOTION TO DISMISS FOR LACK OF JURISDICTION OR IN THE ALTERNATIVE, MOTION FOR TRIAL BY JURY:

COMES NOW, The Defendant ALONZO AUSTIN, pursuant to §32-5A-171 Code of Al. 1975. and respectfully MOVES this honorable Court for the entry of an order granting the instant Motion to DISMISS INstanter in the within Cause. A copy of the aforesaid pleadings by Defendant Dare attached hereto as Exhibits "A" §32-5A-171(9) Identified as "RULES OF THE ROADS" and Exhibit "B" Identified as "ALABAMA UNIFORM TRAFFIC TICKET AND COMPLAINT".
   IN Support of the foregoing motion Defendant hereto annexes and by this reference incorporates herein the following Memorandum.

                    Respectfully Submitted,
              by Alonzo Austin, Pro Se
                   ALONZO AUSTIN
                   1321 Oliver-Carlis Rd.
                   Tuskegee, Al. 36083
                   Ph# (334) 727-5476

# MEMORANDUM IN SUPPORT

## I. FACTS

ON or about July 5, 2007 approximately 8:40 am Defendant was issed a traffic ticket for speeding 60 mph in a 45 mph Limit. by officer Bernice Dawson, officer ID # 634 in Violation of 32-5A-171 and Municipal ordinance No. 87/7 officer Dawson goes on to state that Defendant did unlawfully operate a motor vehicle at or Near AL. 81 but did not state whether offense occured by checking the appropiate block indicating within "City limits" or "police jurisdiction" of Tuskegee or within Macon County's Jurisdiction.

Dawson's, claim that offense occurred at or Near AL. 199 is false, Defendant will argue that officer Dawson, could Not have possibly seen Defendant traveling on AL. 199 period as she and I first observed each other Vehicles on 81 wherein Defendant was traveling North and officer Dawson, was at the old "Tuskegee Inn" traveling south when she activated her vehicle's blue light where upon that instant Defendant, actived left turn signal Trooper Dawson allowed Defendant who was head North on 81 clearly out of the City Limits to turn left in front of her vehicle headed south on 81 into the "rear parking area south of the restrurant" wherein she cited me for speeding 60 in a 45 mph. Limit. However, "For the record" The officer was operating out side of the City Limits and were closer to I-85 and AL 81, than AL.81 and AL.199, as she stated.

In light of the foregoing ALONZO AUSTIN by its instant motion, respectfully request that this Court Grant the relief requested and dismiss this Ticket on jurisdictional grounds.

## II  LAW

§ 32-5A-171 (g) Any speed limit set pursuant to this section shall be enforced by any municipality or any law enforcement officer of a municipality only within the corporate limits of the municipality and not within the police jurisdiction of the Municipality.

## III  CONCLUSION

For all the foregoing reason motion should be Granted.

Respectfully submitted,,

By, Alonzo Austin pro se
ALONZO AUSTIN
1321 Oliver-Carlis Rd.
Tuskegee, Al. 36083
Ph# (334) 727-5476

19 07 22    EXHIBIT "A"

§ 32-5A-171                    RULES OF THE ROAD                    § 32-5A-171

(9) Any speed limit set pursuant to this section shall be enforced by any municipality or any law enforcement officer of a municipality only within the corporate limits of the municipality and not within the police jurisdiction of the municipality. (Acts 1980, No. 80–434, p. 604, § 8–102; Acts 1987, No. 87–408, p. 593; Acts 1994, No. 94–617, p. 1147, § 1; Acts 1996, No. 96–577, p. 913, § 1.)

### Commentary

This section differs substantially from the comparable UVC provision, UVC § 11–801.1 due to legislative revision of the section and it also represents a substantial change from the wording of the earlier law, which was found in sections 32–5–90 and 32–5–91. A basic difference between the prior law and this section is that the former law's speed limits were prima facie limits (with the exception of special speed limits on bridges under section 32–5–92 and the 6‰ limits in section 32–5–90(a)). This means that under prior law it was not usually an offense to exceed the speed limits if the speed could be deemed reasonable and prudent under all the circumstances. Under this section, all speed limits are absolute limits, which should serve to simplify their enforcement. In addition, this section abolishes separate speed limits for business and residence districts.

### HISTORY

**Amendment notes:**

**The 1994 amendment,** effective December 1, 1994, added subdivision (2) and redesignated the following subdivisions accordingly; in subdivisions (3) and (4), substituted "subdivision (6)" for "subdivision (5)"; substituted "subdivision (6)" for "subdivision (5) hereof" in subdivision (4); and made nonsubstantive changes.

**The 1996 amendment,** effective May 17, 1996, in subdivision (2), designated the existing text as paragraph a., and added paragraph b.; in subdivision (3), inserted "or highways having four or more traffic lanes" and "or as provided in subdivision (7)"; in subdivision (4), substituted "70" for "55", substituted "or on any other highway having four or more traffic lanes at a speed in excess of 65 miles per hour," for "in urban areas of 50,000 population or more or in excess of 65 miles per hour outside urban areas unless a different maximum rate of speed is permitted or allowed by the Federal Highway Administration, or", and inserted "or as provided in subdivision (7)"; in subdivision (5), substituted "the" for "such" following "transporting" and inserted "or as provided in subdivision (7)"; in subdivision (6), substituted "may" for "is hereby specifically authorized to"; and added subdivisions (8) and (9).

**Code Commissioner's Notes**

In 1994, the Code Commissioner restored the language "such substances. No person shall operate" in the first and second sentences of subdivision (5) to correct an omission made during the drafting of Act No. 94–617.

Act 96–577, which amended this section, provided in § 2: "One year following the passage of this act, the Department of Public Safety shall report to the Legislature on the traffic fatalities in the State during the last calendar year and the relation of these fatalities to the increased speed limit."

### RESEARCH REFERENCES

**Am Jur:**

7 Am. Jur. 2d, Automobiles & Highway Traffic, § 180–193.

**Annotations:**

Driving at illegal speed as reckless driving within statute making reckless driving a criminal offense. 52 A.L.R.2d 1337.

Speed alone or in connection with other circumstances as gross negligence, wantonness, recklessness, or the like, under automobile guest statute. 6 A.L.R.3d 769.

Definiteness of automobile speed regulations as affecting validity. 6 A.L.R.3d 1326.

Products liability: sufficiency of evidence to support product misuse defense in actions concerning commercial or industrial equipment and machinery. 64 A.L.R.4th 10.

**American Digest System:**

Automobiles ⬤168(2), 331.

**Corpus Juris Secundum:**

C.J.S. Motor Vehicles §§ 290, 641.

175

20 OF 22



## CERTIFICATE OF SERVICE

I ALONZO AUSTIN, do hereby Certify that I have this day served a copy of the foregoing documents upon the City of Tuskegee pro-secutor's office, by depositing same in the U. S. mail or delivering in person at,

302 So main St,
Tuskegee, AL. 36083

by _Alonzo Austin_ pro S.
Alonzo Austin
1321 Oliver-Callis Rd.
Tuskegee, AL. 36083
Ph # (354) 727-5476

2 of 22 [ Exhibit "3"

| Court O.R.I. | | COURT RECORD | | | COURT CASE NUMBER | |
|---|---|---|---|---|---|---|
| AL | | | | | YEAR | NUMBER |

□ MUNICIPAL COURT
OR
□ DISTRICT COURT OF                    COUNTY    TICKET NUMBER **N** 0966261

DEFENDANT'S NAME                    CHARGE

| CONTINUED TO | M | D | Y | REASON | | |
|---|---|---|---|---|---|---|
| 2ND CONTINUANCE | M | D | Y | REASON | | |

| UTC-6A MAILED | | | NEW COURT DATE | | | UTC-6B ISSUED | | | UTC-6B CLEARANCE | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| M | D | Y | M | D | Y | M | D | Y | M | D | Y |

| WARRANT ISSUED | | | BOND SET $ | WARRANT SERVED | | | WARRANT RECALLED | | |
|---|---|---|---|---|---|---|---|---|---|
| M | D | Y | CASH DEPOSITED $ | M | D | Y | M | D | Y |

| CONDITIONAL BOND FORFEITURE ORDER ISSUED | M | D | Y | BOND FORFEITURE ORDERED FINAL | M | D | Y |
|---|---|---|---|---|---|---|---|

ATTORNEY FOR DEFENDANT          CHECK IF APPLICABLE    □Defendant informed of right to counsel
□Defendant found indigent, counsel appointed    □Voluntarily waived counsel

PLEA OF DEFENDANT (CHECK ONE)
1 □ Guilty as charged        2 □ Guilty of                    3 □ Not guilty

ADJUDICATION (CHECK ONE) — 1 □ Guilty as charged    2 □ Not guilty
3 □ Guilty of  55/45                    4 □ Nol prossed    5 □ Dismissed

## ORDERS OF THE COURT

FINE $              COURT COSTS $              TOTAL FINE AND COURT COSTS $

ADDITIONAL PENALTIES / FEES / COSTS

| HEAD INJURY DUI $ | CRIMINAL HISTORY DUI $10.00 | CRIME VICTIMS (DUI/RECKLESS DRIVING) MISDEMEANOR (MINIMUM $25.00) $ | | |
|---|---|---|---|---|
| HOUSING & MAINTENANCE $ | MEDICAL $ | ATTORNEY RECOUPMENT $ | RESTITUTION $ | PARTIAL PAYMENTS AUTHORIZED FOR $ |

| □ JAILED | M | D | Y | DAYS _____ RELEASED □ | M | D | Y | LOCATION |
|---|---|---|---|---|---|---|---|---|

□ SENTENCE SUSPENDED        □ PROBATION            □ COMMUNITY SERVICE
_____ DAYS _____ MONTHS          _____ DAYS _____ MONTHS          _____ DAYS _____ MONTHS

| □ TRAFFIC SAFETY PROGRAM | M | D | Y | □ SUBSTANCE ABUSE EVALUATION | □ COURT REFERRAL PROGRAM COMPLETED | M | D | Y |
|---|---|---|---|---|---|---|---|---|

COURT ORDERED LICENSE SUSPENSION        □ CONSECUTIVE    LICENSE SURRENDERED TO COURT
_____ DAYS _____ MOS.    □ CONCURRENT    M  D  Y    RECEIVED BY

CONFIDENTIAL: □ NO -  □ IF YES; □ Juvenile  □ Youthful Offender

8/20/07 - *Pd in full by Aug 23, 07*
*of Maleg in jail*

DISPOSITION DATE          SIGNATURE OF JUDGE/MAGISTRATE

CASE APPEALED        APPEAL BOND        CIRCUIT COURT CASE NUMBER
M  D  Y            $

ARRESTING AGENCY (TYPE OF ARREST)  □ STATE  □ COUNTY  □ MUNICIPAL

CASH RECEIVED FROM          RECEIPT #        AMOUNT        DATE  M  D  Y
NAME AND TITLE _____        3834        $ 120.00        8  20  07

LICENSE ATTACHED: □ YES  □ NO    DPS RECEIVED LICENSE  □ YES  □ NO

## COURT ACTION AND DISPOSITION

*CITY OF TUSKEGEE*
*302 SOUTH MAIN STREET*
*TUSKEGEE, ALABAMA   36083*

*receipt2.prn*

Case Number: *TR-07-001959*
Name: *ALONZO AUSTIN*
Record Number: *0019407*
Receipt Number: *0003834*
Payment Type: _____

Date: *8/20/07*
Time: *09:19:36*
Source: *RK/TUSCARLA*
Cashier: _____
Paid by Bond Forfeiture: _____

| | |
|---|---|
| *$20.00* | Fine Payment |
| *$100.00* | Court Cost Payment |
| *$.00* | Restitution/Other Payment |
| *$.00* | Cash Bond |
| *$120.00* | **Payment Total** |

| | |
|---|---|
| *$.00* | Fine Balance |
| *$.00* | Court Cost Balance |
| *$.00* | Restitution/Other Balance |
| *$.00* | **Total Balance Due** |
| *$.00* | **Cash Bond Balance** |

| Case number | Charge description | Balance | Case number | Charge description | Balance |
|---|---|---|---|---|---|
| TR-07-001959 | SPEEDING | .00 | | | |

**Balance of all cases after payment above. This balance reflects all cases that match the following:**
First name, Middle name, Last name, Race, Sex, Date of Birth. If you have a case with this court with
a difference of the above, that case will not be reflected in this balance.

*$.00*

*Form number: 051/CS102R*

*BALANCES AS OF  8/20/07*