## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 3:07-cv-754-MHT |
| | ) | |
| CITY OF TUSKEGEE, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## AND SUPPORTING BRIEF

COME NOW Defendants City of Tuskegee; Mayor Johnny Ford; Judge Albert C. Bulls, III; Chief Lester Patrick; Honorable R. Keith Thomas; and Officer Bernice Dawson (hereinafter "Defendants"), by and through counsel, and respectfully move this Honorable Court for an Order entering summary judgment on their behalf pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants support their Motion for Summary Judgment with the following:

1. Complaint;

2. Plaintiff's Responses to Defendants Interrogatories (Exhibit 1);

3. Affidavit of Officer Bernice Dawson (Exhibit 2);

4. Affidavit of Chief Lester Patrick (Exhibit 3);

5. Act 2004-248, Acts of Alabama (Exhibit 4); and

6. Argument of Defendants.

1.   **FACTS.**

In 2004, the municipal limits of the City of Tuskegee were extended northward from near the north end of Moton Field up to, and beyond Interstate 85, specifically including the right-of-way of Alabama Highway 81 from the old city limits to the northern edge of the bridge north of I-85. Act 2004-248, Acts of Alabama. (Exhibit 4; Exhibit 2; and Exhibit 3).  Act 2004-248 went into effect on July 1, 2004, after being signed by the Governor on April 19, 2004. (Exhibit 4).  All the events concerning Plaintiff's traffic violation and stop occurred within the Tuskegee municipal limits on July 5, 2007. (Complaint; Exhibit 2; Exhibit 3; and Exhibit 4).

On July 5, 2007 Plaintiff Alfonzo Austin was operating a motor vehicle on Alabama Highway 81 north near the old Western Inn south of Interstate 85. (Complaint; Exhibit 2).  On the same morning, Defendant Officer Bernice Dawson was on the job as a uniformed police officer for the City of Tuskegee Police Department. (Complaint; Exhibit 2).  At about 8:40 a.m., Officer Dawson was driving a marked police car south on Alabama Highway 81 between Interstate 85 and Moton Field when she observed Plaintiff's automobile traveling at a high rate of speed north on Alabama Highway 81 near the old city limits sign. (Exhibit 2). The radar unit in Officer Dawson's car indicated the Plaintiff's automobile was traveling at 60 mph. (Exhibit 2).  In July 2007, the lawful posted speed limit on that

section of Alabama Highway 81 was 45 mph. (Exhibit 2; Exhibit 3). Officer Dawson activated the emergency lights on her car and conducted a traffic stop on the Plaintiff's speeding automobile. (Exhibit 2). Plaintiff Austin stopped his automobile in the parking lot of the old Western Inn along Alabama Highway 81 just south of the intersection with Interstate 85. (Complaint; Exhibit 2; Exhibit 3).

Officer Dawson issued Plaintiff Austin an Alabama Uniform Traffic Ticket and Complaint, number N 0966261, charging Austin with speeding for driving 60 mph in a 45 mph zone. (Complaint; Exhibit 2). The ticket was issued pursuant to Tuskegee Municipal Ordinance 87/7 which adopted the Alabama Rules of the Road, including Alabama Code § 32-5A-171 for enforcement within the City of Tuskegee. (Exhibit 2). Plaintiff Austin told Officer Dawson that anytime she saw him in the future on Alabama Highway 81 he would be speeding. (Exhibit 2).

Subsequently, in Tuskegee Municipal Court, Plaintiff Austin moved to dismiss his speeding ticket on the grounds that the Court lacked jurisdiction, or in the alternative, moved for a trial by jury. (Complaint). Both motions were denied by Municipal Judge Albert Bulls, III. (Complaint). On August 20, 2007, after a trial in Municipal Court in which the City of Tuskegee was represented by municipal prosecutor R. Keith Thomas, and after hearing testimony by Officer Dawson, Judge Bulls found Austin guilty of speeding and ordered him to pay a fine of $20.00 and

court costs of $100.00. (Complaint).  Austin did not appeal his Municipal Court
conviction to the Circuit Court of Macon County, Alabama for a jury trial.
(Complaint).

On or about August 23, 2007, Plaintiff Austin filed the instant Complaint,
claiming in seven rambling and confusing counts that these Defendants violated his
constitutional and statutory civil rights by issuing him an invalid and unlawful
traffic ticket; by denying him a trial by jury; by refusing to dismiss the traffic ticket;
and by malicious abuse of process. (Complaint).  All Plaintiff Austin's causes of
action are based on his allegation that the speeding violation occurred, and the
ticket was written, outside the Tuskegee municipal limits.[1] (Complaint).

Plaintiff Austin would not cooperate with these Defendants to give his
deposition prior to the Court-Ordered discovery cutoff in this case, and his
deposition has not been taken. (See, Defendants' Motion to Dismiss for Want of
Prosecution.) These Defendants had previously attempted to conduct discovery of
this Plaintiff through Interrogatories, pursuant to Rule 33, Fed. R. Civ. P.  In
Defendant's Interrogatory 10 to the Plaintiff, the Plaintiff was asked to "State in
detail your version of the traffic stop made the basis of this lawsuit and all facts that
you contend prove your allegations against these Defendants."  Plaintiff's response

---

[1] Plaintiff Austin does not deny that he was driving faster than the posted
45 mph speed limit at the time of the traffic stop.

was, "See: Plaintiff's Complaint [*sic*]." (Exhibit 1).  In Interrogatory 9, Defendants asked the Plaintiff to identify all witnesses "having knowledge of the facts, details, or information of the matters complained of in this case."  Plaintiff responded that the only witnesses with knowledge of the facts of the case were the "named Defendants." (Exhibit 1). Consequently, the only facts and evidence proffered by the Plaintiff are in his Complaint and the exhibits attached thereto.

2.    **SUMMARY JUDGMENT STANDARD.**

Summary Judgment must be entered on a claim if it is shown "that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  On a Motion for Summary Judgment, "although the Court is to construe the evidence and factual inferences arising from it in the light most favorable to the non-moving party," *Adickes v. S.H. Cress and Co.*, 398 U.S. 144, 157 (1970), "the plain language of Rule 56(c) mandates the entry of summary judgment...against a party that fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Furthermore, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

In its motion, the moving party is responsible for identifying to the Court those portions of the pleadings, discovery, and affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004), citing *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). "Where the non-moving party bears the burden of proof at trial, the moving party may discharge this 'initial responsibility' by showing that there is an absence of evidence to support the non-moving party's case or by showing that the non-moving party will be unable to prove its case at trial." *Hickson Corp.*, 357 F.3d at 1260, citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437-38 (11th Cir. 1991). "To survive summary judgment, the non-moving party bearing the ultimate burden of proof at trial must come forward with evidence sufficient to withstand a directed verdict motion." *Hickson Corp.*, 357 F.3d at 1260, citing *Fitzpatrick v. Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).

3.    **ARGUMENT.**

A.    **All Plaintiff's Claims Fail Because Plaintiff's Speeding Violation Occurred Within the Tuskegee Municipal Limits.**

Plaintiff Austin claims that all the events related to his traffic stop and speeding ticket by Officer Dawson occurred outside the Tuskegee city limits.  That is the sole basis for his claim that the stop and speeding ticket were unlawful and illegal, and that the Tuskegee Municipal Court lacked jurisdiction to hear his case. Therefore, for Plaintiff to succeed on any of the counts in his Complaint, he must produce "evidence sufficient to withstand a directed verdict motion" to prove that the speeding violation, and traffic stop by Officer Dawson, occurred outside the Tuskegee municipal limits. *Hickson Corp.*, 357 F.3d at 1260.

In spite of the fact that Plaintiff's entire Complaint rests on his assertion that the speeding violation and traffic stop occurred outside the Tuskegee municipal limits, the Plaintiff has produced no evidence, other than his unsupported allegation, that the events occurred outside the municipal limits.  On the other hand, Defendants have produced the Affidavits of Officer Dawson and Chief Patrick, based on over 20 years of law enforcement experience in Tuskegee, that the speeding violation and traffic stop (even accepting locations claimed by the Plaintiff), occurred well within the municipal limits of the City of Tuskegee, Alabama as they existed on July 5, 2007.  Furthermore, Defendants have produced

Act 2004-248 as evidence, and conclusive proof, that the right-of-way of Alabama Highway 81 north where the speeding violation and traffic stop occurred, were, and are, within the Tuskegee municipal limits.

Plaintiff Austin has not produced any evidence, and cannot produce any evidence, that his speeding violation and traffic stop occurred outside the Tuskegee municipal limits. From aught that appears, Plaintiff's complaint and allegations are based on the location of the Tuskegee municipal limits as they existed prior to July 1, 2004 – over three years before the events made the basis of his lawsuit.

Plaintiff Austin's entire complaint is predicated on his traffic stop and speeding ticket having occurred outside the Tuskegee municipal limits. Austin has produced no evidence of the location of the municipal limits on July 5, 2007 and has produced no evidence (nor can he) that the events occurred outside the municipal limits. To the contrary, Defendants have produced substantial evidence, and conclusive proof, that the events complained of occurred within the Tuskegee municipal limits. Therefore, the traffic stop and speeding ticket were lawful and these Defendants are entitled to summary judgment as a matter of law on all counts in the Plaintiff's Complaint arising from the speeding violation and traffic stop.

**B.** **Plaintiff Was Not Entitled To A Jury Trial On His Speeding Violation.**

Plaintiff claims that he was entitled to a jury trial in the Tuskegee Municipal Court on a speeding violation and that the denial of his Motion for a Jury Trial constituted a violation of his constitutional rights. As Plaintiff alleges in his Complaint, he was cited for a violation of Alabama Code § 32-5A-171 for speeding.

Alabama Code § 32-5A-8 establishes that violation of Alabama Code § 32-5A-171 is a misdemeanor which may not be punished by imprisonment for more than three months. A criminal Defendant is only entitled to a jury trial pursuant to the Sixth Amendment of the United States Constitution if he is being tried for a "serious offense." *United States v. Chavez*, 204 F.3d 1305, 1310 (11th Cir. 2000). A crime that carries a maximum penalty of imprisonment of six months or less is presumed petty and does not entitle a Defendant to a jury trial. *Id.*

Because Plaintiff Austin's speeding violation is a petty offense, he was not entitled to a trial by jury for the speeding violation made the basis of this lawsuit. Therefore, the denial of Plaintiff's Motion for a Trial by Jury did not constitute a violation of his constitutional rights. There being no genuine issue of fact, these Defendants are entitled to a judgment as a matter of law on all claims arising from the denial of Plaintiff's Motion for a Jury Trial.

**C.**     **Plaintiff Austin's Claims Against Mayor Johnny Ford Are Extinguished By Qualified Immunity.**

Qualified Immunity extinguishes liability for any and all claims against a person when sued in his individual, governmental capacity. *Harlow v. Fitzgerald*, 457 U.S. 800 (1986).  The test of whether an individual is entitled to qualified immunity is one of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. *Courson v. McMillian*, 939 F.2d 1479, 1482 (11th Cir. 1991).  Courts are to look to whether a reasonable official could have believed his conduct to have been lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir. 1992).  Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335 (1986).

The test of whether a governmental Defendant is entitled to qualified immunity is a two-step test. *Zeiglar v. Jackson*, 716 F.2d 847 (11th Cir. 1983).  First, the government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  Second, once the Defendant satisfies this burden, the burden shifts to the Plaintiff to demonstrate that the Defendant violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849.  There are two questions of law that a Court must decide when completing

the second step of the *Zeiglar* analysis. *Swint v. City of Wadley*, 5 F.3d 1435 (11th Cir. 1993). The Court must ascertain the law that was clearly established at the time of the Defendant's action, and then make a determination as to the existence of a genuine issue of fact as to whether the engaged in conduct violated the rights guaranteed by that clearly established law. *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988).

In the present case, Mayor Ford clearly meets the requirements of the *Zeiglar* analysis. First, the Plaintiff himself alleges that Mayor Ford has "jurisdiction, management and control over matters referred to herein, including police department [*sic*]." (Complaint). Second, the actions complained of by Plaintiff Austin were clearly within the discretionary authority of Mayor Ford, who was responsible for operations of all City Departments, including the Police Department. Finally, the Plaintiff does not allege in his Complaint that Mayor Ford was acting outside of his discretionary authority as Mayor of the City of Tuskegee.

Since the fact that Mayor Ford was acting within the scope of his discretionary authority is uncontroverted, the burden now shifts to Plaintiff Austin to prove that Mayor Ford violated clearly established constitutional law. In other words, to meet the second half of the *Zeiglar* test, Plaintiff Austin must prove that Mayor Ford violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849.

"A government actor can be stripped of qualified immunity only when all reasonable government actors in the defendant's place would know that the challenged discretionary conduct violates federal law." *Lassiter v. Alabama A & M University Board of Trustees*, 28 F.3d 1146 (11th Cir. 1994) (*en banc*).

Plaintiff Austin has not alleged any specific, clearly-established, law that Mayor Ford has violated, nor has he proffered evidence of any. At most, Plaintiff has alleged that Mayor Ford knew, or should have known, that the Police Department was operating an illegal "speed trap" by writing tickets outside the Tuskegee municipal limits. Plaintiff has proffered no evidence to support this allegation. Furthermore, and most importantly, these Defendants have proffered substantial evidence, and conclusive proof, that all events related to Plaintiff's speeding violation and traffic ticket arising therefrom occurred within the Tuskegee municipal limits. Thus there has been no violation of any clearly-established law by Mayor Ford. Mere conclusory claims of violations are insufficient to defeat Mayor Ford's qualified immunity. *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984). Therefore, Mayor Ford is protected by his qualified immunity, the claims of Plaintiff Austin against Mayor Ford must be dismissed, and Mayor Ford is entitled to a judgment as a matter of law.

**D.     Plaintiff Austin's Claims Against Officer Bernice Dawson Are Extinguished By Qualified Immunity.**

Qualified Immunity extinguishes liability for any and all claims against a person when sued in his individual, governmental capacity. *Harlow v. Fitzgerald*, 457 U.S. 800 (1986).  The test of whether an individual is entitled to qualified immunity is one of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. *Courson v. McMillian*, 939 F.2d 1479, 1482 (11th Cir. 1991).  Courts are to look to whether a reasonable official could have believed his conduct to have been lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir. 1992).  Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335 (1986).

The test of whether a governmental Defendant is entitled to qualified immunity is a two-step test. *Zeiglar v. Jackson*, 716 F.2d 847 (11th Cir. 1983).  First the government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  Second, once the Defendant satisfies this burden, the burden shifts to the Plaintiff to demonstrate that the Defendant violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849.  There are two questions of law that a Court must decide when completing

the second step of the *Zeiglar* analysis. *Swint v. City of Wadley*, 5 F.3d 1435 (11th Cir. 1993). The Court must ascertain the law that was clearly established at the time of the Defendant's action, and then make a determination as to the existence of a genuine issue of fact as to whether the engaged in conduct violated the rights guaranteed by that clearly established law. *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988).

In the present case, Officer Dawson clearly meets the requirements of the *Zeiglar* analysis. First, the Complaint itself alleges that Officer Dawson has "jurisdiction, management and control over matters referred to herein," including, by necessary implication, the decision whether or not probable caused existed to stop the Plaintiff for speeding and issue a speeding ticket. (Complaint). Second, the actions complained of by Plaintiff Austin were clearly within the discretionary authority of Officer Dawson, with respect to whether or not probable cause existed to issue the Plaintiff a speeding ticket while enforcing the traffic laws within the City of Tuskegee. Finally, the Plaintiff does not allege in his Complaint that Officer Dawson was acting outside of her discretionary authority as a police officer for the City of Tuskegee.

Since the fact that Officer Dawson was acting within the scope of her discretionary authority is uncontroverted, the burden now shifts to Plaintiff Austin

to prove that Officer Dawson violated clearly established constitutional law.  In other words, to meet the second half of the *Zeiglar* test, Plaintiff Austin must prove that Officer Dawson violated clearly established constitutional law.  *Zeiglar*, 716 F.2d at 849.  "A government actor can be stripped of qualified immunity only when all reasonable government actors in the defendant's place would know that the challenged discretionary conduct violates federal law."  *Lassiter v. Alabama A & M University Board of Trustees*, 28 F.3d 1146 (11th Cir. 1994) (*en banc*).

The only  specific, clearly-established, law that Plaintiff Austin alleges  that Officer Dawson has violated was her traffic stop of the Plaintiff for allegedly speeding outside the municipal limits and operating an illegal "speed trap" by writing tickets outside the Tuskegee municipal limits.  Plaintiff has produced no evidence to prove this claim, other than his bare allegation.  Furthermore, and most importantly, these Defendants have produced substantial evidence, and conclusive proof, that all events related to Plaintiff's speeding violation, and the traffic ticket arising therefrom, occurred within the Tuskegee municipal limits.  Thus there has been no violation of any clearly-established law by Officer Dawson.   Mere conclusory claims of violations are insufficient to defeat Officer Dawson's qualified immunity.  *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984).  Therefore, Officer Dawson is protected by her qualified immunity, the claims of Plaintiff Austin

against Officer Dawson must be dismissed, and Officer Dawson is entitled to a judgment as a matter of law.

**E.**    **Plaintiff's Claims Against Chief Lester Patrick Are Extinguished By Qualified Immunity.**

Qualified Immunity extinguishes liability for any and all claims against a person when sued in his individual, governmental capacity. *Harlow v. Fitzgerald*, 457 U.S. 800 (1986).  The test of whether an individual is entitled to qualified immunity is one of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. *Courson v. McMillian*, 939 F.2d 1479, 1482 (11th Cir. 1991).  Courts are to look to whether a reasonable official could have believed his conduct to have been lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir. 1992).  Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335 (1986).

The test of whether a governmental Defendant is entitled to qualified immunity is a two-step test. *Zeiglar v. Jackson*, 716 F.2d 847 (11th Cir. 1983).  First the government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  Second, once the Defendant satisfies this burden, the burden shifts to the Plaintiff to demonstrate

that the Defendant violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849. There are two questions of law that a Court must decide when completing the second step of the *Zeiglar* analysis. *Swint v. City of Wadley*, 5 F.3d 1435 (11th Cir. 1993). The Court must ascertain the law that was clearly established at the time of the Defendant's action, and then make a determination as to the existence of a genuine issue of fact as to whether the engaged in conduct violated the rights guaranteed by that clearly established law. *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988).

In the present case, Chief Patrick clearly meets the requirements of the *Zeiglar* analysis. First, the Plaintiff himself alleges that Chief Patrick has "jurisdiction, management and control over matters referred to herein, including police department [*sic*]." (Complaint). Second, the actions complained of by Plaintiff Austin were clearly within the discretionary authority of Chief Patrick, who was responsible for operations of the Police Department. Finally, the Plaintiff does not allege in his Complaint that Chief Patrick was acting outside of his discretionary authority as Chief of the City of Tuskegee Police Department.

Since the fact that Chief Patrick was acting within the scope of his discretionary authority is uncontroverted, the burden now shifts to Plaintiff Austin to prove that Chief Patrick violated clearly established constitutional law. In other

words, to meet the second half of the *Zeiglar* test, Plaintiff Austin must prove that Chief Patrick violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849. "A government actor can be stripped of qualified immunity only when all reasonable government actors in the defendant's place would know that the challenged discretionary conduct violates federal law." *Lassiter v. Alabama A & M University Board of Trustees*, 28 F.3d 1146 (11th Cir. 1994) (*en banc*).

Plaintiff Austin has not alleged any specific, clearly-established, law that Chief Patrick has violated, nor has he produced evidence of any. At most, Plaintiff has alleged that Chief Patrick knew, or should have known, that the Police Department was operating an illegal "speed trap" by writing tickets outside the Tuskegee municipal limits. Plaintiff has produced no evidence to support this allegation. Furthermore, and most importantly, these Defendants have produced substantial evidence, and conclusive proof, that all events related to Plaintiff's speeding violation, and traffic ticket arising therefrom, occurred within the Tuskegee municipal limits. Thus there has been no violation of any clearly-established law by Chief Patrick. Mere conclusory claims of violations are insufficient to defeat Chief Patrick's qualified immunity. *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984). Therefore, Chief Patrick is protected by his qualified

immunity, the claims of Plaintiff Austin against Chief Patrick must be dismissed, and Chief Patrick is entitled to a judgment as a matter of law.

**F.     Plaintiff's Claims Against Tuskegee Prosecutor R. Keith Thomas Are Extinguished By Qualified Immunity.**

Qualified Immunity extinguishes liability for any and all claims against a person when sued in his individual, governmental capacity. *Harlow v. Fitzgerald*, 457 U.S. 800 (1986).  The test of whether an individual is entitled to qualified immunity is one of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. *Courson v. McMillian*, 939 F.2d 1479, 1482 (11th Cir. 1991).  Courts are to look to whether a reasonable official could have believed his conduct to have been lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir. 1992).  Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335 (1986).

The test of whether a governmental Defendant is entitled to qualified immunity is a two-step test. *Zeiglar v. Jackson*, 716 F.2d 847 (11th Cir. 1983).  First the government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  Second, once the Defendant satisfies this burden, the burden shifts to the Plaintiff to demonstrate

that the Defendant violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849. There are two questions of law that a Court must decide when completing the second step of the *Zeiglar* analysis. *Swint v. City of Wadley*, 5 F.3d 1435 (11th Cir. 1993). The Court must ascertain the law that was clearly established at the time of the Defendant's action, and then make a determination as to the existence of a genuine issue of fact as to whether the engaged in conduct violated the rights guaranteed by that clearly established law. *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988).

In the present case, Prosecutor Thomas clearly meets the requirements of the *Zeiglar* analysis. First, the Plaintiff himself alleges that Thomas has "jurisdiction, management and control over matters referred to herein, including police department [*sic*]." (Complaint). Second, the actions complained of by Plaintiff Austin were clearly within the discretionary authority of Thomas, who was responsible for prosecuting cases for the City of Tuskegee in Municipal Court. Finally, the Plaintiff does not allege in his Complaint that Mr. Thomas was acting outside of his discretionary authority as the Municipal Court prosecutor for the City of Tuskegee.

Since the fact that Prosecutor Thomas was acting within the scope of his discretionary authority is uncontroverted, the burden now shifts to Plaintiff Austin

to prove that Thomas violated clearly established constitutional law.   In other words, to meet the second half of the *Zeiglar* test, Plaintiff Austin must prove that Prosecutor Thomas violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849.  "A government actor can be stripped of qualified immunity only when all reasonable government actors in the defendant's place would know that the challenged discretionary conduct violates federal law." *Lassiter v. Alabama A & M University Board of Trustees*, 28 F.3d 1146 (11th Cir. 1994) (*en banc*).

Plaintiff Austin has not alleged any specific, clearly-established, law that Prosecutor Thomas has violated, nor has he proffered evidence of any.  At most, Plaintiff has alleged that Thomas knew, or should have known, that the speeding ticket issued by Officer Dawson was the product of an illegal "speed trap" for writing tickets outside the Tuskegee municipal limits.  Plaintiff has produced no evidence to support this allegation.  Furthermore, and most importantly, these Defendants have produced substantial evidence, and conclusive proof, that all events related to Plaintiff's speeding violation, and traffic ticket arising therefrom, occurred within the Tuskegee municipal limits.  Thus there has been no violation of any clearly-established law by Mr. Thomas.  Mere conclusory claims of violations are insufficient to defeat Prosecutor Thomas' qualified immunity. *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984).  Therefore, Mr. Thomas is protected by

his qualified immunity, the claims of Plaintiff Austin against Thomas must be dismissed, and Thomas is entitled to a judgment as a matter of law.

**G.    Plaintiff's Claims Against Judge Albert C. Bulls, III, Are Extinguished By Qualified Immunity.**

Qualified immunity extinguishes liability for any and all claims against a person when sued in his individual, governmental capacity. *Harlow v. Fitzgerald*, 457 U.S. 800 (1986). The test of whether an individual is entitled to qualified immunity is one of objective legal reasonableness, without regard to whether the government official involved acted with subjective good faith. *Courson v. McMillian*, 939 F.2d 1479, 1482 (11th Cir. 1991). Courts are to look to whether a reasonable official could have believed his conduct to have been lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Hardin v. Hayes*, 957 F.2d 845, 848 (11th Cir. 1992). Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335 (1986).

The test of whether a governmental Defendant is entitled to qualified immunity is a two-step test. *Zeiglar v. Jackson*, 716 F.2d 847 (11th Cir. 1983). First the government official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. Second, once the Defendant satisfies this burden, the burden shifts to the Plaintiff to demonstrate

that the Defendant violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849. There are two questions of law that a Court must decide when completing the second step of the *Zeiglar* analysis. *Swint v. City of Wadley*, 5 F.3d 1435 (11th Cir. 1993). The Court must ascertain the law that was clearly established at the time of the Defendant's action, and then make a determination as to the existence of a genuine issue of fact as to whether the engaged in conduct violated the rights guaranteed by that clearly established law. *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988).

In the present case, Judge Bulls clearly meets the requirements of the *Zeiglar* analysis. First, the Plaintiff himself alleges that Judge Bulls has "jurisdiction, management and control over matters referred to herein, including police department [*sic*]." (Complaint). Second, the actions complained of by Plaintiff Austin were clearly within the discretionary authority of Judge Bulls, who presided over bench trials, including Plaintiff's, as the Tuskegee Municipal Court Judge. Finally, the Plaintiff does not allege in his Complaint that Judge Bulls was acting outside of his discretionary authority as Municipal Court Judge for the City of Tuskegee.

Since the fact that Judge Bulls was acting within the scope of his discretionary authority is uncontroverted, the burden now shifts to Plaintiff Austin to prove that

Judge Bulls violated clearly established constitutional law. In other words, to meet the second half of the *Zeiglar* test, Plaintiff Austin must prove that Judge Bulls violated clearly established constitutional law. *Zeiglar*, 716 F.2d at 849. "A government actor can be stripped of qualified immunity only when all reasonable government actors in the defendant's place would know that the challenged discretionary conduct violates federal law." *Lassiter v. Alabama A & M University Board of Trustees*, 28 F.3d 1146 (11th Cir. 1994) (*en banc*).

Plaintiff Austin has not alleged any specific, clearly-established, law that Judge Bulls has violated, nor has he produced evidence of any. At most, Plaintiff has alleged that Judge Bulls knew, or should have known, that the Police Department was operating an illegal "speed trap" by writing tickets outside the Tuskegee municipal limits. Plaintiff has produced no evidence to support this allegation.[2] Furthermore, and most importantly, these Defendants have produced substantial evidence, and conclusive proof, that all events related to Plaintiff's speeding violation, and traffic ticket arising therefrom, occurred within the Tuskegee municipal limits. Thus there has been no violation of any clearly-established law by Judge Bulls. Mere conclusory claims of violations are

---

[2] Plaintiff's claim that Judge Bulls violated Plaintiff's constitutional rights by denying Plaintiff's Motion for a Jury Trial is clearly without merit, as previously established in this Motion and Brief.

insufficient to defeat Judge Bulls' qualified immunity. *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984).  Therefore, Judge Bulls is protected by his qualified immunity, the claims of Plaintiff Austin against Judge Bulls must be dismissed, and Judge Bulls is entitled to a judgment as a matter of law.

## H.  Plaintiff's Claims Based On The Theory Of *Respondeat Superior* Cannot Be Maintained Under 42 U.S.C. § 1983.

"A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monnell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).  The City of Tuskegee is only liable under § 1983 if Austin is injured as a result of the execution of a policy or custom of the City of Tuskegee.  The only specific policy or custom of the City of Tuskegee that Austin alleged was causally related to the injury he complained of was that the City authorized Officer Dawson to

> "illegally shoot radar on 81 N. outside of the municipal city limits and to unlawfully stop vehicles allong state hiway 81 outside of city limit and to issue tickets for speeding....Defendants Bulls and Prosecutor Thomas would then prosecute unlawfull action as if it was lawful. With Tuskegee acquiescing in the defendant's wrongful conduct as was done to plaintiff [*sic*]."

 (Complaint).

A mere conclusory allegation that Defendants injured Plaintiff Austin in the scope of their employment with the City of Tuskegee, or that Austin was injured

pursuant to policy or procedure of the City of Tuskegee is not sufficient to maintain his Complaint for the deprivation of civil rights. *Fullman*, 759 F.2d at 556-57. Furthermore, to survive summary judgment, the Plaintiff, as the non-moving party bearing the ultimate burden of proof at trial, must come forward with evidence sufficient to withstand a directed verdict motion concerning his claim of the City's policy of operating an illegal speed trap outside the municipal limits. *Hickson*, 357 F.3d at 1260. Plaintiff has proffered and produced absolutely no evidence whatsoever to support his claim of an illegal speed trap and Court operation. Finally, these Defendants have proffered substantial evidence, and conclusive proof, that all the events concerning the Plaintiff's speeding violation, traffic stop, and speeding ticket occurred within the municipal limits of the City of Tuskegee, Alabama.

On the grounds cited herein, Plaintiff has failed to maintain a cause of action against the City of Tuskegee and the City is thus entitled to a judgment as a matter of law.

I.   **Plaintiff Austin's Claims Based On The Theory Of *Respondeat Superior* Cannot Be Maintained Under 42 U.S.C. § 1983 Against Chief Patrick And Mayor Ford.**

Plaintiff Austin's claims against Chief Patrick and Mayor Ford are based on Officer Dawson "acting within the scope of her employment and pursuant to the

afore-mentioned policies and practices of Tuskegee." These being "a policy, practice, custom and usage of operating a 'speed trap' approximately a quarter of a mile outside of city limits allong state hiway #81N toward interstate 85 [*sic*]." (Complaint).

Mayor Ford and Chief Patrick are not liable under § 1983 on this basis. *Monnell v. Dept. of Social Services*, 436 U.S. 658 (1978); *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992). The only way a supervisor may be liable under § 1983 is if the supervisor had a personal involvement in the constitutional deprivation, or if a sufficient causal connection exists between the supervisor's conduct and the constitutional violation. *Id.* In his Complaint, Plaintiff Austin alleges no personal involvement or causal connection to support a § 1983 cause of action against Chief Patrick or Mayor Ford. Furthermore, as previously stated, Plaintiff has produced no evidence to support any custom or policy of operating an illegal speed trap. Finally, as also previously stated, all available evidence establishes that the events related to Plaintiff's speeding violation and speeding ticket from Officer Dawson occurred within the Tuskegee municipal limits, and there was thus no illegal speed trap. Therefore, on the grounds set forth herein, Plaintiff cannot maintain a *respondeat superior* claim against Chief Patrick and Mayor Ford on the grounds

alleged in the Complaint, and these Defendants are entitled to a judgment as a matter of law.

**J.    Plaintiff's Claims Against Judge Bulls Are Extinguished By Absolute Judicial Immunity.**

All Plaintiff Austin's allegations against Judge Albert C. Bulls, III, concern and arise from Judge Bulls' performance in his official capacity as the Municipal Court Judge for the City of Tuskegee, Alabama. Specifically, Plaintiff alleges that, at the trial of Plaintiff's speeding violation, Judge Bulls refused to grant Plaintiff's Motion to Dismiss, refused to grant Plaintiff's Motion for a Jury Trial, and found Plaintiff Austin guilty of speeding at the conclusion of the bench trial. Based on the allegations in the Complaint, there is no dispute that Judge Bulls was acting within his judicial capacity. Based on the evidence produced herein, not only was there not "a clear absence of all jurisdiction," but, rather, clear jurisdiction for Judge Bulls to adjudicate the violation of traffic laws within the Tuskegee municipal limits. Consequently, pursuant to *Stump v. Sparkman*, 435 U.S. 349 (1978), Judge Bulls is protected by absolute judicial immunity, Plaintiff's claims against Judge Bulls are due to be dismissed, and Judge Bulls is entitled to a judgment as a matter of law.

**K.**   <u>**Plaintiff's Claim For Malicious Abuse Of Process Is Unsupported By The Evidence And Must Be Dismissed.**</u>

Plaintiff alleges that Defendants Judge Bulls, City Prosecutor Thomas, and Officer Dawson "used criminal process against plaintiff in order to intimidate him and to dissuade plaintiff from asserting his rights against defendants in order to cover up their own wrong doing and to avoid civil and criminal liability for their own acts." (Complaint).  Plaintiff further contends that Defendants Bulls, Thomas, and Dawson "knowingly prosecuted plaintiff against the statute § 32-5(a)-171(9) and his Motion to Dismiss for Lack of Jurisdiction or in the Alternative Motion for Trial by Judge in violation of Plaintiff 6th Amendment rights to the Constitution of the United States [*sic*]." (Complaint).

An abuse of process action consists of two elements: "First the existence of an ulterior purpose, and, second, an act in the use of process not proper in the regular prosecution of the proceedings." *Drill Parts and Service Co., Inc. v. Joy Manufacturing Co.*, 619 S.2d 1280, 1287 (Ala. 1993).  "The burden is on the plaintiff to show that the process was issued for an illegal purpose." *Warwick Development Co., Inc. v. GV Corp.*, 469 S.2d 1270, 1274 (Ala. 1985).  "To be remedial the abuse of process must have been willful and for an unlawful purpose.  Good faith is a defense." *Drill Parts*, 619 S.2d at 1289; citing *Clikos v. Long*, 165 S. 394 (Ala. 1936).

Plaintiff Austin has produced no evidence that these Defendants willfully charged him with speeding for any unlawful purpose.  Although the Plaintiff alleges these Defendants brought the action to "cover up their own wrong doing and to avoid civil and criminal liability," he has produced no evidence of any wrongdoing by these Defendants nor any evidence that would support any civil or criminal liability by these Defendants.  To the contrary, there is substantial evidence that the Plaintiff's speeding violation and traffic stop occurred within the Tuskegee municipal limits and was thus a lawful stop pursuant to Alabama Code § 32-5A-171.[3]  Furthermore, since Defendants' actions were fully supported by the facts and Alabama law, the Defendants had no illegal purpose in prosecuting the Plaintiff.  Thus, Defendants had no wrongdoing or civil and criminal liability to be covered up or avoided.  Plaintiff has produced no evidence to support any finding other than that these Defendants' prosecution of Plaintiff Austin in Municipal Court was based on a lawful purpose in a good faith belief in the facts and law.

Because the Plaintiff has not met his burden of proof of producing evidence that the prosecution of the Plaintiff was brought for an illegal purpose, this claim is due to fail and these Defendants are entitled to a judgment as a matter of law.

---

[3] Plaintiff never denied in his Complaint or his discovery responses that he was exceeding the posted 45 mph speed limit.

4.    **CONCLUSION.**

Plaintiff Austin has the burden of proof at trial to produce evidence sufficient to establish a *prima facie* case for each and every element of each cause of action in each count of his Complaint at the trial of this case. *Hickson*, 357 F.3d at 1260. Plaintiff Austin has clearly failed to meet this burden. Most important, each and every cause of action in Plaintiff's Complaint is predicated on the Plaintiff's contention that his speeding violation, and the subsequent traffic stop by Officer Dawson, occurred outside the municipal limits of the City of Tuskegee and thus made the traffic stop and speeding ticket unlawful. Yet, Plaintiff has produced no evidence that the speeding violation and traffic stop occurred outside the Tuskegee municipal limits. On the other hand, Defendants have produced substantial evidence, and conclusive proof, that the locations of Plaintiff's speeding violation, traffic stop, and subsequent speeding ticket all occurred within the municipal limits of the City of Tuskegee on July 5, 2007. Therefore, all subsequent actions taken by these Defendants were lawful, made in good faith, and did not violate any constitutional rights, or statutory civil rights of this Plaintiff. For this reason, and for the additional grounds set forth in this Motion for Summary Judgment, and there being no genuine issue of material fact, these Defendants are entitled to a judgment as a matter of law.

WHEREFORE, on the grounds set forth herein, these Defendants respectfully pray this Honorable Court enter summary judgment on their behalf and provide such other and further relief as the Court finds to be due these Defendants in law or equity.

       /s/S. Mark Dukes
S. MARK DUKES (ASB-9697-U77S)
Counsel for Defendants City of Tuskegee, Mayor Johnny Ford, Judge Albert C. Bulls, III, Chief Lester Patrick, Honorable R. Keith Thomas, and Officer Bernice Dawson

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile
mdukes@nixholtsford.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to

Mr. Alonzo Austin
1321 Oliver-Carlis Road
Tuskegee, AL 36083

on this the 3rd day of March, 2008.

  /s/S. Mark Dukes
OF COUNSEL

PG. 1 OF 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2008 JAN 4 A 11:04
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ALONZO AUSTIN,     )
    Plaintiff.    )
    )
V.        )    CASE Number:
CITY OF TUSKEGEE et al.,  )  3:07-CV-754 MHT
   Defendants    )  Via Certified mail

## PLAINTIFF RESPONSES TO DEFENDANTS INTERROGATORIES

Comes Now, Plaintiff, and Provides required responses Pursuant to Federal Rule of Civil Procedure 33:

1. State the following identifying information:
a. your full Name; ALONZO AUSTIN
b. any other Names that you Currently use, or any other Names that you have used in the past. (NONE)
c. your date and place of birth; April 3, 1946, Hardaway, ALABAMA.
d. your Social Security Number: XXX-XX-0358
e. you Current residence and Mailing address: 1321 oliver-Carlis Rd, Tuskegee, AL. 36083
f. the Name of your Spouse. YVONNE AUSTIN.

EXHIBIT
**1**

Case 3:07-cv-00754-MHT-CSC   Document 36-2   Filed 03/03/2008   Page 2 of 9
Case 3:07-cv-00754-MHT-CSC   Document 21   Filed 01/04/2008   Page 2 of 6
PG. 2 of 6

1. g. Your educational back ground:
   High School Drop out.
   h. The issuing State and Number of your Drivers License.
   ALABAMA, #4575542

2. For each employer that you have had within the past
   ten (10) years from the present date, State the following:
   (None).

3. If you contend that the incidents Made the basis
   of your Lawsuit Caused you to Suffer any bodily
   injury, Physical illness, Mental illness, or emotional distress,
   for each doctor, hospital, Clinic, therephst, Counselor,
   or Care provider that has treated you or Examined
   you for the Same, State the following:
   (NONE)

4. Response Same as above. (None)

5. State the Name, residence address, and telephone
   Number, and bussiness address and telephone number,
   of each Witness who Can testify based on
   their personal knowledge that the plaintsff was
   outside the Tuskegee City limits at the time
   the traffic Violation made the basis of this
   Lawsuit occurred.
   Officer Bernice Dawson, 205 Rush drive, Tuskegee, Al.
   Ph # (334) 727-8323.

Case 3:07-cv-00754-MHT-CSC    Document 36-2    Filed 03/03/2008    Page 3 of 9
Case 3:07-cv-00754-MHT-CSC    Document 21    Filed 01/04/2008    Page 3 of 6
PG. 3 of 6

6. State the Name, residence address, and telephone Number and business address and telephone Number, of each witness who can testify based on their personal knowledge that the plaintiff was not exceeding the posted Speed Limit within the Tuskegee city limits at the time of, and immediately prior to, the incident made the basis of this Lawsuit.
Officer Bernice Dawson, 205 Rush drive, Tuskegee, Al.
Phone # (334) 727-6323, Police Dept., 1106 Notasulga Rd.
Tuskegee, Al. 36083, (334) 727-0200

7. State the Name, residence address, and telephone Number, and business address and telephone Number, of each witness who will testify to the Custom, policy, or practice of the City of Tuskegee to intentionally, Willfully, or Knowingly operate an illegal "Speed trap" outside the City limits of Tuskegee as alleged in the Complaint. (To be determined after more factual Developement). (With officer Dawson primary), (and incorporated in paragraphs 5 and 6).

8. List in detail all monetary damages that you claim to be owed to you by these Defendants and your method of Computing the same, as a result of the incidents made the basis of this Lawsuit. See: Complaint $600,000 Compensatory and $450,000 punitive $120°° Total payment, 8/20/07 = 20 Fines, and $100°° Court Costs. Source: RK / TUSCARLA, receipt # 0003834.

Case 3:07-cv-00754-MHT-CSC   Document 36-2   Filed 03/03/2008   Page 4 of 9
Case 3:07-cv-00754-MHT-CSC   Document 2-6   Filed 01/04/2008   Page 4 of 6
PG. 4 of 6

9. State the name, residence address and telephone number, and business address and telephone Number of each Person having knowledge of the facts, details, or information of the matter Complained of in this Case. All the Named Defendant's whose addresses and Phone Numbers are known to Defendants.

10. State in detail your Version of the traffic stop made the basis of this Lawsuit and all facts that you contend prove your allegations against these Defendants.
   See: Plaintiff's Complaint.

11. for each expert that you have Consulted, retained or that you intend to have testify at trial state the following.
   (None)

12. State if you have ever been arrested or Convicted (found guilty, adjudicated guilty, pled no contest, and/or pled guilty) for any misdemeanor or felony Criminal offense if yes state the following. Plaintiff Object to this Interrogatory as it is Not relevant to any of the allegation of Plaintiff Complaint.

Case 3:07-cv-00754-MHT-CSC  Document 36-2  Filed 03/03/2008  Page 5 of 9
Case 3:07-cv-00754-MHT-CSC  Document 25  Filed 01/04/2008  Page 5 of 6
PG. 5 of 6

13. State Whether you have ever been involved in any Lawsuits including collection actions or bankruptcies, in the ten 10 years prior to this date. if yes List all lawsuits filed by, or against you, setting forth:

Plaintiff Object to this interrogatory as it is Not relevant to any of the Plaintiff Allegation.

14. For each traffic citation or arrest you have received within the Last Ten 10 years, state the following:

Plaintiff object to this interrogatory as it is Not relevant to any of the allegation made by Plaintiff within his complaint.

15. For each of your relatives who are at least 18 years of age and resides in Macon County, ALABAMA, State the following:

Plaintiff object to the interrogatory as it is Not relevant to any of Plaintiff allegation within his complaint and it will Not Lead to admissible evidence.

I, ALONZO AUSTIN, do declare that I have answered all of Defendants Propounded relevant interrogatories, Truthfully and to the best of my belief on this 3rd day of January 2008.

Alonzo Austin Pro Se

by. Alonzo Austin, Pro Se.

(PG. 6 OF 6)

ALONZO AUSTIN
1321 Oliver-Carlis Rd,
Tuskegee, Al. 36083
Ph# (334) 727-5476


## CERTIFICATE OF SERVICE

I, ALONZO AUSTIN do certify that I have
Served on this day a copy of the foregoing
Interrogatories upon the Defendant Counsel
or Defendant's

CITY OF TUSKEGEE et al,
C/O NIX HOLTSFORD
GILLILAND HIGGINS & HITSON
ATTorNey and Counselors at Law
P.O. Box 4128
Montgomery, Al. 36103-4128

by depositing same in the U.S. mail. Postage prepaid
on this the 3rd day of January 2008

Alonzo Austin Pro se

by, Alonzo Austin Pro se

ALONZO AUSTIN
1321 Oliver-Carlis Rd,
Tuskegee, Al. 36083
Ph # (334) 727-5476

Court Copy

IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2008 JAN -4 P 1:10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ALONZO AUSTIN              )
    Plaintiff             ) Case Number
V.                        ) 3:07-CV-754 MHT
CITY OF TUSKEGEE et, al)  )
    Defendant's           )    Via Certified mail

PLAINTIFF RESPONSES TO DEFENDANTS REQUEST
FOR PRODUCTION OF DOCUMENTS.

Comes Now, Plaintiff and provides required responses
Pursuant to Federal Rule of Civil Procedure 34:

1. Provide a copy of the front and back of Your Driver's
   License.  See (attached as exhibit "6 ")
2. For each expert that you have retained, Consulted,
   or intended to have testify at trial, provide
   a Copy of the current resume of the expert,
   and provide a copy of any report Prepared by
   Said expert for use in this case.
   N/A, as No expert will be retained by Plaintiff.

3. Provide copy of any Photograph, Video Tape, Film,
   Disk, Visual image, or representation in any

Media whatsoever in your possession, or subject to your control, depicting any of the incidents made the basis of your lawsuit and/or that you contend are proof of the matter alleged in your Compliant.

Plaintiff have None of the requested Documents in his possession or in his control.

4. Provide a copy of any documents in your possession, or subject to your control that relates to your Claims in this Case, Whether the documents Supports your Contentions, or Whether they are adverse to your Contentions.

Plaintiff Provides the follow Documents See attached as exhibits "A" "Rules of the Road" "B" Copy ALABAMA UNIFORM TRAFFIC Ticket and Complaint "C" Plaintiff's Motion to DISMISS For Lack of Jurisdiction or in the Alternative, Motion For trial by Jury, as the Defendant in the Case.. "1" Same as "B" above) "2" Plaintiff's Proof of Payment (receipt) and "3" Court Record Copy (for Ticket # 0966261)

This 3rd day of January 2007.

by, Alonzo Austin pro se
Alonzo Austin
1321 hive-Corlis Rd.
Tuskegee, Al. 36083
Ph# (334) 727-5476

I, Alonzo Austin, do declare that I have answered all of Defendant's Request for production of Documents Truthfully and to the best of my belief. On this the 3rd day of January, 2008.

by, Alonzo Austin pro se

Via Certified Mail

## CERTIFICATE OF SERVICE.

I, ALONZO AUSTIN do hereby Certify that I have served copies of the foregoing production of Documents upon the Defendant's, CITY OF TUSKEGEE et,al., C/O NIX HOLTSFORD GILLIAND HIGGINS & HITSON P.C.
P.O. BOX 4128
Montgomery, AL, 36103-4128
by depositing same in the U.S. mail postage prepaid on this the 3rd day of January 2008. Alonzo Austin pro se

by, Alonzo Austin, pro se
ALONZO AUSTIN
1321 oziver-Carlis Rd.
Tuskegee, AL. 36083
Ph # (334) 727-5476

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALONZO AUSTIN                          )
                                       )
    Plaintiff,                     )
                                       )
v.                                     )        3:07-cv-754-MHT
                                       )
CITY OF TUSKEGEE, *et al.*,            )
                                       )
    Defendants.                    )

### AFFIDAVIT OF BERNICE DAWSON

COMES NOW the undersigned Affiant, being duly sworn and says:

1.     My name is Bernice Dawson.  I am of sound mind and over the age of legal

majority in the State of Alabama.  I am employed by the Police Department of the

City of Tuskegee, Alabama as a police officer and have been so employed since 1985.

I have personal knowledge of the facts and statements in this affidavit.


2.     On the morning of July 7, 2007 I was on the job as a uniformed police officer

for the City of Tuskegee Police Department.  At about 8:40 a.m., I was driving my

marked police car south on Alabama Highway 81 between Interstate 85 and Moton

Field, when I observed an automobile traveling at a high rate of speed north on

*Dawson Affidavit*
Page 1 of  3

EXHIBIT
2

Highway 81, near the old city limits sign.  The radar unit in my car indicated the automobile was traveling 60 miles per hour (MPH).  At that time, the posted speed limit on that section of Highway 81 was 45 MPH, although it has since been changed to 55 MPH.

3.    I activated the emergency light on my car, reversed direction to go north on Highway 81, and conducted a traffic stop on the speeding automobile.  The speeding automobile stopped in the parking lot of the old motel formerly known as the"Tuskegee Inn" or "Western Inn."  The old motel is on Highway 81 just south of Interstate 85.  Upon approaching the automobile, I learned that the driver was Alonzo Austin.  I issued Mr. Austin an Alabama Uniform Traffic Ticket and Complaint, number N 0966261, charging Mr. Austin with speeding for driving 60 MPH in a 45 MPH zone, pursuant to Tuskegee Municipal Ordinance 87/7. (Municipal Ordinance 87/7 adopted the Alabama Rules of the Road, including Alabama Code § 32-5A-171, for enforcement within the City of Tuskegee.)  When I wrote the ticket for Mr. Austin, he advised me that he would be speeding any time in the future that I saw him on Highway 81.

4.    I am familiar with the municipal, or city, limits of Tuskegee, Alabama.  In 2004, the limits were extended north, from the old limit near the north end of Moton Field, to north of Interstate 85.  The right of way for Alabama Highway 81, from the old city limits to a bridge north of Interstate 85, was brought into the Tuskegee municipal limits.

5.    At the time I first observed Mr. Austin speeding, his automobile and my patrol car were both in the Tuskegee municipal limits.  The location of Mr. Austin's traffic stop, at the old motel, was in the Tuskegee municipal limits.  All events concerning Mr. Austin's traffic violation and stop occurred within the Tuskegee municipal limits.

FURTHER, THE AFFIANT SAITH NOT.

BERNICE DAWSON
Affiant

SWORN to and SUBSCRIBED before me
on this the 29th day of February 2008.

Notary Public
My commission expires: 22 Nov 08

/seal/

*Dawson Affidavit*
*Page 3 of 3*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-cv-754-MHT |
| | ) | |
| CITY OF TUSKEGEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF LESTER PATRICK

COMES NOW the undersigned Affiant, being duly sworn, and says:

1.    My name is Lester Patrick. I am of sound mind and over the age of legal majority in the State of Alabama. I am employed by the City of Tuskegee, Alabama as the Chief of the Tuskegee Police Department, and was so employed in July and August 2007, at the time of the events complained of by Plaintiff Alonzo Austin. I have personal knowledge of the facts and statements in this affidavit.

2.    I am familiar with the municipal, or city, limits of Tuskegee, Alabama. Act 2004-248 of the Alabama legislature extended the limits north, from the old limit near the north end of Moton Field, to north of Interstate 85, in 2004. The right of way for Alabama Highway 81, from the old city limits to a bridge north of Interstate 85, was brought into the Tuskegee municipal limits.

*Patrick Affidavit*
Page 1 of 2



3.      I am familiar with the locations described by Alonzo Austin in his complaint arising from the traffic stop by Officer Bernice Dawson on July 5, 2007.   All the locations along Alabama Highway 81, including the old Tuskegee or Western Inn, are south of Interstate 85.   Therefore, all the locations are clearly in the Tuskegee municipal limits as extended in 2004.  The posted, and legal, speed limit where Mr. Austin describes the traffic stop occurring on Highway 81, was 45 miles per hour in July 2007.

4.      The City of Tuskegee and the Tuskegee Police Department do not now, and did not in July 2007, have a policy or practice of allowing Tuskegee police officers to issue traffic citations outside the Tuskegee municipal limits.

        FURTHER, THE AFFIANT SAITH NOT.

                                                    _____
                                                    LESTER PATRICK
                                                    Affiant

SWORN to and SUBSCRIBED before me
on this the 29th day of February 2008.

_____                                    /seal/
Notary Public
My commission expires: 22 Nov 08

*Patrick Affidavit*
*Page 2 of 2*

1    HB202

2    63116-4

3    By Representative Ford (J) (N & P)

4    RFD: Local Legislation

5    First Read: 03-FEB-04

ACT No. 2004- *248*



EXHIBIT

4

HB202

1

2   <u>ENROLLED</u>, An Act,

3           To alter, rearrange, and extend the boundary lines

4   and corporate limits of the municipality of Tuskegee in Macon

5   County.

6   BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:

7           Section 1. The boundary lines and corporate limits

8   of the municipality of Tuskegee in Macon County are altered,

9   rearranged, and extended to include within the corporate

10  limits of the municipality, in addition to the lands now

11  included, all of the following territory:

12          Parcel 46-07-03-07-0-001-003.000

13          A parcel beginning SW1/4 of NW1/4, description as

14  follows: Begin at INT of N/L of I85 and E/L of Highway 81;

15  thence northwestwardly 450'; thence northeasterly 450'; thence

16  southeastwardly 650'; thence westwardly 490' to POB. S7 T17

17  R24

18          Parcel 46-07-03-07-0-001-004.000

19          Commence at INT southerly R/W of I85 and W/L Sec 7;

20  thence northeastwardly 624.9' along said R/W to POB; thence

21  northeastwardly 160' to W R/W Highway 81; Southeastwardly

22  203.4 along said R/W; Westward 171.6'; northwestwardly 171.2

23  to POB. S7 T17N R24E

24          Parcel 46-07-03-07-0-001-004.001

Page 1

HB202

1       Begin at INT of southerly R/W I85 and W/L Sec. 7;

2   thence northeastwardly 624.9' along said R/W; Southeastwardly

3   176.2'; W 707.5'; N58.7' to POB S07 T17N R24E

4       Parcel 46-07-03-07-0-001-005.000

5       A lot in N1/2 of SW1/4, description as follows:

6   Begin at INT of NE ROW of Highway 81 and SE ROW of I85, thence

7   NE 400'; thence SE 492.4'; thence W489.1' to road; thence NW

8   226.5' to POB. S7 T17 R24

9       Parcel 46-07-03-07-0-001-006.000

10      350' x 367.3' IRR; COM INT S R/W I85 and W R/W

11  Highway 81; thence SE along Highway 81 353.4' to POB; thence

12  continue along R/W 350', SW 367.3', NW 683', E 239', SE 224',

13  NE 150' to POB. S7 T17 R24

14      Parcel 46-07-03-07-0-001-006.001

15      150' x 171' IRR; COM INT S R/W I85 and W R/W Highway

16  81; thence SE along Highway 81 203.4' to POB; thence continue

17  along R/W 150', SW 150', NW 224', E 171' to POB. Sec 7 T-17

18  R-24

19      Parcel 46-07-03-07-0-001-007.000

20      115' x 210' IRR; COM INT S R/W I85 and E R/W Highway

21  81; thence SE along HWY 81 270' to POB; thence continue along

22  R/W 115', E 201.20', NW 95', W 210' to POB. S7 T17 R24

23      Parcel 46-07-03-07-0-001-007.001

HB202

1               95' x 210' IRR; COM INT S R/W I85 and E R/W Highway

2      81; thence SE along HWY 81 380' to POB; thence continue along

3      R/W 95', E 210', NW 115', W 201.20' to POB. Sec 7 T 17 R 24

4               Parcel 46-07-03-07-0-001-008.000

5               A parcel in N1/2 of SW1/4, description as follows:

6      Begin at SW corner of NW1/4 of SW1/4; thence N 660'; thence E

7      470'; thence SE 683'; thence NE 500' to NE road R/W; thence NW

8      220'; thence E 210'; thence NW 210'; thence W 210'; thence NW

9      25'; thence E 489.1'; thence NW 491.4' to interstate; thence

10     NE 430'; thence E 620'; thence S 1330'; thence W 2175' to POB,

11     less road R/W. S 7 T 17 R 24

12             Inclusion of Right-of-Way:

13             Annexation includes the ROW of State Route 81 from

14     the existing Tuskegee city limits on the south side of the

15     annexation to the northern edge of the bridge north of said

16     parcels.

17             Section 2. In accordance with Section 11-42-6(b) of

18     the Code of Alabama 1975, a map showing what territory is

19     proposed to be annexed to the municipality of Tuskegee is on

20     file in the office of the Judge of Probate in Macon County,

21     Alabama, and the map is open to the inspection of the public.

22             Section 3. This act shall become effective on the

23     first day of the third month following its passage and

24     approval by the Governor, or its otherwise becoming law.

HB202

1

2

*[signature]*

3

4

_____

Speaker of the House of Representatives

*[signature]*

5.

6

_____

President and Presiding Officer of the Senate

7           House of Representatives
8       I hereby certify that the within Act originated in
9   and was passed by the House 19-FEB-04, as amended.
10
11                  Greg Pappas
12                  Clerk
13

14           _____

15

16   Senate           13-APR-04                    Passed

17

APPROVED  *4-19-04*

TIME  *3:04 pm*

*[signature]*
GOVERNOR

Alabama Secretary Of State