IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-cv-754-MHT |
| | ) | |
| CITY OF TUSKEGEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants City of Tuskegee, Mayor Johnny Ford, Judge Albert C. Bulls, III, Chief Lester Patrick, Honorable R. Keith Thomas, and Officer Bernice Dawson (hereinafter "Defendants"), by and through counsel, and respond pursuant to Rule 56 of the *Federal Rules of Civil Procedure* to the Plaintiff's Motion for Summary Judgment as follows:

1. Every count in Plaintiff's Complaint (with but one exception) is based on Plaintiff's claim that the events leading to and including, his traffic stop by Officer Bernice Dawson occurred outside the municipal limits of the City of Tuskegee, Alabama. Plaintiff contends that, pursuant to Alabama Code § 32-5A-171(9) Officer Dawson and the City of Tuskegee had no authority to enforce the laws

on speeding outside the municipal limits.[1] Plaintiff further contends that since Officer Bernice Dawson and the City had no authority to stop him and issue the subject Alabama Uniform Traffic Ticket and Complaint, the stop was unlawful, and thus the stop itself, the traffic ticket, the prosecution for the speeding violation, and the subsequent trial and fine violated the Plaintiff's constitutional and statutory civil rights and constituted malicious abuse of process.

In his sworn affidavit filed in support of his Motion for Summary Judgment (hereinafter "Plaintiff's affidavit") the Plaintiff stated that, at the time of the stop, he was driving north on Alabama "highway 81 heading toward I 85." (Plaintiff's affidavit, ¶2)  Officer Dawson was near the old Tuskegee or Western Inn on Alabama Highway 81 "facing south toward the City of Tuskegee when she activated

---

[1] Alabama Code § 32-5A-171(9) states: "Any speed limit set pursuant to this section shall be enforced by any municipality or any law enforcement officer of a municipality only within the corporate limits of the municipality and not within the police jurisdiction of the municipality."

Plaintiff also contends that § 32-5A-171(9) established the speed limit at 55 mph where he was stopped on Alabama Highway 81 north. (See ¶4 of Plaintiff's affidavit in support of Plaintiff's Motion for Summary Judgment.)  Plaintiff's reliance on § 32-5A-171(9) is obviously misplaced since it does not establish maximum or minimum speed limits for specific stretches of highway, and must be construed *pari materia* with the rest of § 32-5A-171 and with §§ 32-5A-172 and 173 as merely the statutory standard by which speed limits are determined, and not as setting the specific speed limit on Alabama Highway 81 where Plaintiff was observed driving at 60 mph.

her blue lights . . . causing [Plaintiff] to stop in the . . . Inn south parking lot," where Officer Dawson issued the Plaintiff a speeding ticket.[2] (Plaintiff's affidavit, ¶2)

Plaintiff's own sworn statement conclusively places him within the Tuskegee municipal limits at the time and location he was observed traveling 60 mph and at the time and location of the traffic stop by Officer Dawson. Accepting Plaintiff's averments as correct, all the events connected to the traffic stop are located on Alabama Highway 81 north, south of I-85. (Plaintiff's affidavit, ¶2)

By Act No. 2004-248 of the Alabama legislature, signed by the Governor on April 19, 2004, and effective on July 1, 2004, the municipal limits of Tuskegee, Alabama were extended northward to incorporate territory, including the right-of-way of Alabama Highway 81, south of I-85, and additional tracts north of I-85. The Act specifically annexed the right-of-way of Alabama Highway 81 from the old northern municipal limits to a point north of I-85. (See Exhibit 4 to Defendants' Motion for Summary Judgment) The locations described by the Plaintiff in his affidavit are without doubt inside the Tuskegee municipal limits as annexed on July 1, 2004 and as they existed on July 5, 2007, the date of the traffic stop. (See, also, affidavits of Officer Bernice Dawson and Chief Lester Patrick at Exhibits 2 and 3 to Defendants' Motion for Summary Judgment) Plaintiff has not produced any

---

[2] Plaintiff does not dispute, in his sworn affidavit, that he was driving 60 mph when observed by Officer Dawson.

evidence, and cannot produce any evidence, to support his claim that the speeding violation and traffic stop occurred outside the Tuskegee municipal limits.

Plaintiff's sole basis for claiming the traffic stop, the speeding ticket, the prosecution for the speeding violation, and the subsequent trial and fine violated his constitutional and statutory civil rights, and constituted malicious abuse of process, was that the speeding violation and thus the traffic stop occurred outside the Tuskegee municipal limits and was unlawful. Now that the Defendants have produced conclusive and irrefutable evidence that the speeding violation and traffic stop both took place within the municipal limits, there is no credible basis on which the Plaintiff can now dispute the lawfulness or legality of the stop. Consequently, all counts in the Plaintiff's Complaint based on, or arising from, the allegedly unlawful traffic stop fail for lack of a factual basis and must be dismissed.

2.    Plaintiff's remaining count, his claim that his constitutional rights were violated when he was denied a jury trial on his speeding violation, fails as a matter of law.

Plaintiff claims that he was entitled to a jury trial in the Tuskegee Municipal Court on his speeding violation and that the denial of his motion for a jury trial constituted a violation of his constitutional rights. As Plaintiff alleged in his

Complaint, and further in his affidavit, he was cited for a violation of Alabama Code § 32-5A-171 for speeding.

Alabama § 32-5A-8 establishes that a violation of Alabama Code § 32-5A-171 is a misdemeanor which may be punished by imprisonment for *no more than three months*. A criminal Defendant is only entitled to a jury trial pursuant to the Sixth Amendment of the United States if he is being tried for a "serious offense." *United States v. Chavez*, 204 F.3d 1305, 1310 (11th Cir. 2000). A crime that carries a maximum penalty of imprisonment of *six months or less* is presumed petty and does not entitle a Defendant to a jury trial. *Id*. (Emphasis added.)

Because Plaintiff Austin's speeding violation carries a potential punishment of imprisonment for less than six months, it is a petty offense, and Plaintiff was not entitled to a trial by jury for the speeding violation made the basis of this lawsuit. Therefore, the denial of Plaintiff's Motion for a Jury Trial did not constitute a violation of his civil rights.

3. Not only are there genuine issues of material fact with regard to each count in Plaintiff's Complaint, the Plaintiff has failed to produce sufficient evidence to make a *prima facie* case for each of the counts in his Complaint such that his claims would survive a Motion for a Directed Verdict. Consequently, Plaintiff's Motion for Summary Judgment is due to be denied and his Complaint is due to be dismissed

as a matter of law. *Hickson Corp. v. Northern Crossarm Company, Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004).

WHEREFORE, on the grounds set forth above, these Defendants respectfully pray this Honorable Court deny the Plaintiff's Motion for Summary Judgment, and on the grounds set forth herein and in these Defendants' Motion for Summary Judgment, these Defendants respectfully pray this Honorable Court enter summary judgment in their behalf and dismiss the Plaintiff's Complaint in its entirety.

  s/S. Mark Dukes
S. MARK DUKES (ASB-9697-U77S)
Counsel for Defendants City of Tuskegee, Mayor Johnny Ford, Judge Albert C. Bulls, III, Chief Lester Patrick, Honorable R. Keith Thomas, and Officer Bernice Dawson

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile
mdukes@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served by placing a copy of same in the United States Mail, Certified Mail/Return Receipt Requested, postage prepaid and properly addressed to

Mr. Alonzo Austin
1321 Oliver-Carlis Road
Tuskegee, AL 36083


on this the 20th day of March, 2008.


                                          s/S. Mark Dukes
                                          OF COUNSEL