IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALONZO AUSTIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-cv-754-MHT |
| | ) | |
| CITY OF TUSKEGEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENT TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**
**AND SUPPORTING BRIEF**

COME NOW Defendants, by and through counsel, and Supplement their Motion for Summary Judgment and Supporting Brief in accordance with this Honorable Court's Order of April 7, 2008 and submit the transcript of the deposition of Alonzo Austin, taken on March 28, 2008 as Exhibit 5 and amend their Motion and Brief to include the following:

1.   **FACTS.**

*Insert the following at the end of the third paragraph:*

Plaintiff Austin testified at his deposition that all the events related to his traffic stop by Officer Dawson occurred on Alabama Highway 81 south of I-85. (Exhibit 5, p. 53, ll. 10-16.)  Plaintiff does not dispute that Act 2004-248 of the Alabama Legislature extended the city limits of Tuskegee to include the Alabama Highway 81 right-of-way south of I-85 where the traffic stop occurred. (Exhibit 5, p. 95, l. 11 - p. 96, l. 11.)  Plaintiff further testified that he was not checking his speed at the time of his traffic stop, never looked down at his speedometer, and cannot say how fast he was driving at the time. (Exhibit 5, p. 55, ll. 3-9.)

3. **ARGUMENT.**

A. **All Plaintiff's Claims Fail Because Plaintiff's Speeding Violation Occurred Within the Tuskegee Municipal Limits.**

*Insert the following at the end of the third paragraph:*

Nevertheless, at his deposition Plaintiff Austin could not dispute that Act 2004-248 of the Alabama Legislature extended the Tuskegee city limits to include the right-of-way of Alabama Highway 81 to a point north of I-85 and that the events related to his traffic stop all occurred on Alabama Highway 81 south of I-85.[1]

---

[1] Ironically, Plaintiff cannot claim that he was not speeding at the time of the traffic stop regardless of his claims concerning the city limits or posted speed limit because he has no idea how fast he was driving. At his deposition, Plaintiff Austin was asked twice how fast he was driving at the time of his traffic stop and responded both times that he did not know his speed.

> Q. How fast were you traveling when you saw Officer Dawson turn on her emergency lights.
>
> A. Actually, I never looked down at my speedometer at that time. I can't say how fast I was driving. My mind was - - I was just driving. I wasn't checking the speed at that time.

(Exhibit 5, p. 55, ll. 3-9)

> Q. So you don't know how fast you were driving at the time; is that correct?
>
> A. At that time, I did not. No, sir, I don't know.

(Exhibit 5, p. 56, ll. 3-6)

L. **Plaintiff Has No Basis For His Claims Based On Racial Discrimination And Thus His Claims Based On 42 U.S.C. § 1981 Must Be Dismissed.**

Plaintiff claims in his Complaint that he is "a member of a protected class for purposes of the Equal Protection Clause." (Complaint ¶¶ 4 and 7.) Plaintiff further claims violation of 42 U.S.C. § 1981 that requires equal rights for all persons regardless of race. (Complaint ¶¶ 1 and 2.)

When asked at his deposition to identify which of his rights were violated by the Defendants because he was an African-American, Plaintiff responded that he could not answer because he had not done the "factual development" necessary. (Exhibit 5, p. 107, l. 21 - p. 108, l. 6.)

Plaintiff was then asked how Officer Dawson specifically had discriminated against him on the basis that he was an African-American. Plaintiff responded, "I never said she did." (Exhibit 5, p. 108, l. 11 - p. 109, l. 1.) Plaintiff responded similarly when asked about Chief Patrick and Judge Bulls. (Exhibit 5, p. 109, ll. 2-11.) Plaintiff testified that he did not have information that would show that Prosecutor Thomas and Mayor Ford had discriminated against him because of his race. (Exhibit 5, p. 109, l. 21 - p. 110, l. 11.)

Plaintiff simply has no basis – – no evidence at all – – for his claim that he was denied equal rights by these Defendants because of his race. Accordingly, all

Plaintiff's claims based on the alleged deprivation of rights because of the Plaintiff's race are due to be dismissed.

**M.    These Defendants' Motions To Dismiss Are Due To Be Granted.**

These Defendants incorporate their Motions to Dismiss pled in their Answer to the Plaintiff's Complaint as if fully set forth herein. In his Complaint (and Plaintiff has not amended his Complaint), Plaintiff failed to plead his claims with the specificity required to meet the heightened pleading requirements for civil rights cases involving the defense of qualified immunity as in this case and has otherwise failed to state claims upon which relief can be granted. *Federal Rules of Civil Procedure* 12(b)(6). *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), *see also Oladeinde v. City of Birmingham*, 963 F.2d 1481 (11th Cir. 1992), and *Marsh v. Butler County*, 268 F.3d 1014 (11th Cir. 2001). Plaintiff's claims are therefore due to be dismissed as a matter of law.

Respectfully submitted on this the 29th day of April, 2008.

   /s/S. Mark Dukes
S. MARK DUKES (ASB-9697-U77S)
Counsel for Defendants City of Tuskegee,
Mayor Johnny Ford, Judge Albert C. Bulls,
III, Chief Lester Patrick, Honorable R.
Keith Thomas, and Officer Bernice Dawson

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile
mdukes@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served by placing a copy of same in the United States Mail, Certified Mail/Return Receipt Requested, postage prepaid and properly addressed to

Mr. Alonzo Austin
1321 Oliver-Carlis Road
Tuskegee, AL 36083

on this the 29th day of April, 2008.

                                          /s/S. Mark Dukes
                                          OF COUNSEL