# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

RECEIVED
2008 APR 29 P

ALONZO AUSTIN )
   Plaintiff, ) Case Number
v. ) 3:07-CV-754-MHT.
CITY OF TUSKEGEE et.al., )
   Defendants )

## PLAINTIFF OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff's, Submits this as opposition to Defendant's, Motion for Summary Judgment and Supporting brief (Doc.#36), in response to Plaintiff's, Motion for Summary Judgment (Doc.#35), and as additional support for its Motion for Summary Judgment. (Doc #35), the Plaintiff's relies on the Memorandum of Law below.

## MEMORANDUM OF LAW

### A. STATEMENT OF MATERIAL FACTS

A separate statement of material facts has been submitted. That statement relies on the affidavit of Plaintiff, Alonzo Austin, together

Pg. 2 of 5

with exhibits he has identified, and the affidavits, of the Defendant's, Bernice Dawson and Chief: Lester Patrick, identified as (Exhibits #2 an #3), of their Motion for Summary Judgment and Supporting brief. (Doc # 36). These items have been filed.

### B. LEGAL ARGUMENTS IN RESPONSE TO DEFENDANT'S MOTION

(1) Standard for Summary Judgment.
Summary Judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to Judgment as a matter of Law. Fed. R. Civ. P. 56(C).

(2) THE DEFENDANTS, CITY OF TUSKEGEE et,al, HAD NO RIGHT TO STOP PLAINTIFF, ALONZO AUSTIN, OUTSIDE OF "TUSKEGEE'S CITY LIMITS ERECTED-POSTED SIGN," FOR SPEEDING ON JULY 5, 2007, AT 8:40 AM AND CLAIMING THE SPEED LIMIT AS 45 MPH WHEN IN FACT IT WAS 55 PURSUANT TO THE THEN AND NOW POSTED SIGN. 55 ALLONG SAID STATE HIGHWAY AL. 81 N.

NEAR THE OLD TUSKEGEE OR WESTERN INN, WHERE STOP OCCURRED.

3. Pursuant to §32-5A-171 Subsection Omitted. This Alabama statute concerning Maximum Speeds Limits, states Except when a special hazard exists that requires Lower speed for compliance with Section 32-5A-170, the limits hereinafter specified or established as hereinafter authorized shall be maximum lawful speeds, and no person shall drive a vehicle at a speed in excess of the Maximum Limits. The Municipal Court Convicted Plaintiff of Driving 55, the Maximum Lawful Speed on AL. 81 N. outside of the "Tuskegee CITY LIMIT erected - Posted SIGN," ON 8/9/07, and fined Same for $20.00 plus $100.00 Court Cost, with associated points and other penalties.

4. The Courts Conviction was not based on the applicable Subsection of the same Statute §32-5A-171(9) which reads, any speed limit set pursuant to this Section shall be enforced by any Municipality, or any law enforcement officer of a Municipality, only (within) the Corporate Limits of the Municipality, and not (within) the Police Jurisdiction of the Municipality. (Acts 1980 No 80-434 p. 604 § 8-102; Acts 1987, No 87-408, P. 593; Acts 1994, No 94-617, P. 1147 §1; Acts 1996, No 96-577 P. 913 §1.) moreover, Defendant's use of Act No. 2004-248 is irrelevant and barred by RES JUDICATA, as a Defense.

PG. 4 OF 5

As such, according to §32-5A-171 subsection (9), the "City of Tuskegee" had no legal authority to issue traffic tickets outside of the CITY LIMIT ERECTED- POSTED SIGN" ON AL. HIGHWAY 81 N. NEAR THE OLD TUSKEGEE OR WESTERN INN WHERE THE POSTED SPEED IS 55, THE MAXIMUM LAWFUL SPEED. VERIFIED BY THE SIGN.

5. Given the text of the above cited Law and Acts associated with same plaintiff, did not violate §32-5A-171, but these Defendant's did by acting outside of it and also outside of their Discretionary Authority in violation of Plaintiff's Constitutional Rights. As cited within Plaintiff Complaint and its Motion For Summary Judgment.

WHEREFORE, for the above stated facts the plaintiff, Alonzo Austin, respectfully request that this Honorable court Grant its Summary Judgment, for all Claim Prayed for against Defendant's CITY OF TUSKEGEE et. al.

Respectfully Submitted,
by Alonzo Austin, Pro Se

ALONZO AUSTIN, Pro Se
1321 Oliver-Carlis Rd.
Tuskegee, Al, 36083
Ph.# (334) 727-5476

PG. 5 OF 5

## CERTIFICATE OF SERVICE
### Via certified mail

I do hereby certify that I have this day served a copy of the foregoing Documents upon the Defendant's CITY OF TUSKEGEE et. al.

c/o NIX, HOLTSFORD, GILLIAND & HITSON P.C.
P.O. BOX 4128
MONTGOMERY, AL. 36103-4128

by placing same in the U.S. mail postage prepaid on this the 28th of April, 2008.

Alonzo Austin Pro se
by: Alonzo Austin Pro se
ALONZO AUSTIN
1321 Oliver-Carlis Rd.
Tuskegee, AL. 36083
Ph.# (334) 727-5476