IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALONZO AUSTIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF TUSKEGEE, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 3:07cv754-MHT<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. PROCEDURAL HISTORY**

In this 42 U.S.C. § 1983 action, Alonzo Austin, claims his civil rights were violated as the result of a traffic stop in Tuskegee, Alabama. He names the City of Tuskegee, Mayor Johnny Ford, Judge Albert Bulls III, Police Chief Lester Patrick, City Prosecutor R. Keith Thomas, and Officer Bernice Dawson as defendants.

Specifically, Austin asserts the following claims in his complaint:[1]

(1) Judge Bulls, Officer Dawson, and defendant Thomas deprived him of due process and his right to a trial by jury when he was found guilty of speeding.

(2) Officer Dawson acted in accordance with the policies and practices enforced by Chief Patrick, Mayor Ford, and the City of Tuskegee when she issued him a ticket for speeding outside the

---

[1] In his brief in support of his motion for summary judgment, Austin also claims that the traffic stop was not supported by probable cause and that the "seizure" of him was in violation of his rights secured by the Fourth Amendment. As reflected below, these claims are part and parcel of his contention that the stop occurred outside of the city's jurisdictional boundaries.

city limits.

(3) Judge Bulls, Officer Dawson, and defendant Thomas acted in concert to prosecute Austin for speeding on a state highway outside of the city's jurisdiction.

(4) Judge Bulls, Officer Dawson, and defendant Thomas engaged in malicious prosecution in violation of his statutory rights by issuing him an invalid traffic ticket for violating Ala. Code § 32-5A-171.

(5) Judge Bulls, Officer Dawson, and defendant Thomas conspired to violate his statutory civil rights.

(6) The City of Tuskegee or the State of Alabama[2] is liable under the theory of respondeat superior for the actions of Judge Bulls, Officer Dawson, and defendant Thomas.

(7) The City of Tuskegee is liable under the theory of respondeat superior by authorizing Officer Dawson to use radar outside the city limits and Judge Bulls and defendant Thomas to engage in a municipal proceeding against him.

(8) Judge Bulls, Officer Dawson, and defendant Thomas subjected him to malicious abuse of criminal process in an effort to cover their own wrongdoing and avoid civil and criminal liability by knowingly prosecuting him in violation of Ala. Code § 32-5A-171(9).

(Doc. No. 1.)

Both Austin and the defendants have filed motions for summary judgment and responses to the motions. (Doc. Nos. 35, 36, 39, & 49-52.) Upon consideration of such

---

[2] The State of Alabama is not named as a defendant in this case. Nonetheless, even assuming the State of Alabama were properly named as a defendant in this cause of action, the law is well-settled that the State of Alabama is immune from suit. *See Papasan v. Allain*, 478 U.S. 265 (1986).

motions, the evidentiary materials filed in support thereof, and the responses in opposition, the court concludes that the defendants' motion for summary judgment should be granted and the plaintiff's motion for summary judgment should be denied.

## II. STANDARD OF REVIEW

To survive a properly supported motion for summary judgment, the plaintiff is required to produce some evidence supporting his constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a

genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.  FACTS

While driving her police car along Alabama Highway 81 between Interstate 85 and Moton Field on July 7, 2007, Officer Dawson observed an automobile traveling north on Highway 81, near the old city limits sign. (Dawson's Affid., pp. 1-2.) Officer Dawson's radar unit indicated the automobile was traveling 60 miles per hour. (*Id*., p. 2.) On that day, the posted limit on that section of highway was 45 miles per hour.³ (*Id*.; Patrick's Affid., p. 2.)

Officer Dawson activated the emergency lights on her car and stopped the vehicle. (Dawson's Affid., p. 2.) Austin, the driver of the vehicle, parked his car in the parking lot of the old Tuskegee Inn. (*Id*.) At that time, Officer Dawson got our of her car and issued an Alabama Uniform Traffic Ticket to Austin, charging him with speeding 60 miles per hour in a 45 miles per hour zone. (*Id*.; Attach. to Doc. No. 35, Pl's Ex. 1.)

Austin disputed the charges in the City of Tuskegee Municipal Court, arguing that he was driving outside the City of Tuskegee's jurisdiction at the time he was stopped for speeding and requesting dismissal of the case pursuant to Ala. Code § 32-5A-171(9). (Doc. No. 35, Pl's Ex. C, pp. 16-18.) Judge Bulls denied Austin's motion to dismiss and determined that Austin was pleading not guilty to the charges. (Attach to Doc. No. 51, Pl's Affid., p. 2).

---

³ During his deposition, Austin stated that he was unaware of any signs indicating that the speed limit was 45 miles per hour. He recalled that the speed limit along that stretch of highway has always been 55 miles per hour. (Austin's Dep., pp. 62-65.)

After conducting a hearing, Judge Bulls found Austin guilty of driving 55 miles per hour in a 45 mile per hour zone. (*Id.*, p. 3; Doc. No. 35, Pl's Ex. 3.)  At some point after the incident, the speed limit on Alabama Highway 81was reset to 55 miles per hour.  (Dawson's Affid., p. 2.)

## IV.  DISCUSSION

### A.  The City Limits

All of Austin's claims arise from his contention that the incident occurred outside the city limits and, therefore, Officer Dawson had no authority to stop the car, seize him or issue a ticket; the traffic stop was not based on probable cause; the speeding ticket was illegal; the City of Tuskegee, as well as its mayor and police chief, are liable for implementing a policy to set up speed traps outside of the City's jurisdiction; the Tuskegee Municipal Court lacked jurisdiction to hear the case; and Austin was subjected to malicious abuse of process.  More specifically, Austin contends that the placement of an old street sign along Alabama Highway 81 proves that the area where he was stopped is outside the city limits.

The defendants, however, argue that the incident occurred within the city limits.  As support for their argument, the defendants have presented evidence indicating that the municipal limits of Tuskegee were extended to cover the area where the incident occurred. Act No. 2004-248 of the Alabama Legislature, which was signed by the Governor on April 19, 2004, and became effective on July 1, 2004, extended the municipal limits of Tuskegee to incorporate territory, including the right-of-way of Alabama Highway 81, south of

Interstate 85 and additional tracts north of Interstate 85. (Attach. to Doc. No. 36, Defs' Ex. 4.) Thus, state law establishes that the area where the incident occurred is within the Tuskegee municipal limits as annexed on July 1, 2004, and as it existed on the day Officer Dawson stopped Austin and issued him a speeding ticket.

Austin has failed to come forward with any material evidence to support his contention that the incident occurred outside the city limits. His mere conclusory allegations or the location of an "old" street sign are not sufficient to create a genuine issue of material fact or oppose the defendants' properly supported motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995). Consequently, the defendants' motion for summary judgment with respect to all of Austin's claims arising from his contention that the incident occurred outside the city limits should be granted.

### B. Challenge to Municipal Court Proceedings

Austin complains that the municipal court judge and the city attorney deprived him of his constitutional rights during proceedings related to his conviction. Specifically, Austin argues that he was denied the right to a jury trial and pressured into testifying during the municipal proceeding. These claims go to the fundamental legality of Austin's conviction and resulting sentence. *See Whitlow v. Bailey*, No. 3:07cv960-MEF, 2007 WL 4181735, at *1 (M.D. Ala. Nov. 26, 2007). Consequently, a judgment in favor of Austin on these claims would necessarily imply the invalidity of his conviction. Under the facts and circumstances of this case, the court concludes that the claims presented provide no basis for relief in a 42

U.S.C. § 1983 action at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

No cause of action exists under § 1983 unless the conviction challenged by Austin has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction...." 512 U.S. at 487; *Balisok*, 520 U.S. at 646-648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) ("[T]he [relevant] issue," when applying *Heck*, "is not the relief sought, but the ground of the challenge."); *Heck*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983...."); *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition

for writ of habeas corpus.).  In *Balisok*, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

Austin does not show that his conviction has been reversed, expunged, invalidated or questioned in an appropriate state or federal action.  *Heck* and its progeny therefore bar Austin's use of § 1983 to mount a collateral attack on this conviction.  512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").

Moreover, it is apparent from the complaint that the claims made against defendant Thomas arise from Thomas' representation of the City of Tuskegee as its prosecutor during municipal court proceedings.  "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)."  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

The allegations made by the plaintiff against Judge Bulls arise from actions taken by Bulls in his judicial capacity during municipal court proceedings over which he had jurisdiction. The law is well established that a judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *See Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Consequently, the defendants' motion for summary judgment with respect to Austin's claims regarding the judicial proceedings should be granted.

## C. Equal Protection

Austin argues that the defendants discriminated against him based on his race, in violation of 42 U.S.C. § 1981. However, § 1981 does not provide for a cause of action against state actors. *Butts v. County of Volusia,* 222 F.3d 891, 892-94 (11th Cir.2000); *Asad v. Bush*, 170 Fed.Appx. 668, *673 (11th Cir. 2006). To the extent Austin contends that the defendants violated his right to equal protection under 42 U.S.C. § 1983, his contention fails.

To establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on race, religion, national origin, poverty or some other constitutionally protected interest. *Damiano v. Fla. Parole and Prob. Comm'n*, 785 F.2d 929 (11th Cir. 1986); *Boglin v. Thomas*, No. CA 00-0035-CB-C, 2001 WL 102337, *9 (S.D. Ala. Jan. 2, 2001). Additionally, to succeed on an equal protection challenge, a plaintiff must prove the existence of discriminatory intent;

arbitrary action without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *E & T Realty Co. v. Strickland*, 830 F.2d 1107 (11th Cir. 1987). The Supreme Court recently discussed the concept of equal protection in *Engquist v. Oregon Dep't of Agriculture*, [No. 07-474, June 9, 2008] ___ S.Ct. ___, 2008 WL 2329768 (2008).

> There are some forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.
>
> Suppose . . . that a traffic officer is stationed on a busy highway where people often drive above the speed limit, and there is no basis upon which to distinguish them. If the officer gives only one of those people a ticket, it may be good English to say that the officer has created a class of people that did not get speeding tickets, and a "class of one" that did. But complaining that one has been singled out for no reason does not invoke the fear of improper government classification. Such a complaint, rather, challenges the legitimacy of the underlying action itself – the decision to ticket speeders under such circumstances. Of course, an allegation that speeding tickets are given out on the basis of race or sex would state an equal protection claim, because such discriminatory classifications implicate basic equal protection concerns. But allowing an equal protection claim on the ground that a ticket was given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action. It is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and

>     individualized.

*Id*., at *8.

In his complaint, Austin contends that the defendants set up a "speed trap" outside the city limits in violation of the Equal Protection Clause. During a deposition, Austin explained his position during the following exchange:

> Q. Are you saying that the Tuskegee defendants stopped you because you were black?
>
> A. What I was saying is, they stopped me. And as a result of that stop, I am special from the standpoint of a citizen of the United States because I'm African-American and I'm protected. I have certain rights under that 14th Amendment.
>
> Q. You have rights that other citizens don't have?
>
> A. We have – We have some protected rights as a result that a number of citizens don't have. . . .
>
> Q. Well, how were you discriminated against on the basis of your being an African-American by Officer Dawson?
>
> A. We would have to, again, factually develop that at some point in time.

(Attach. to Doc. No. 52, Pl's Dep., pp. 106-08.)

Austin's contention that Officer Dawson should have recognized that he is an African-American citizen at the time he was stopped or that she chose to stop him instead of other drivers on Alabama Highway 81 fails to establish a claim cognizable under the Equal Protection Clause. Austin's allegation does not demonstrate that he is similarly situated with

other persons who were treated differently or that the reason for the differential treatment was based on race, religion, national origin, poverty or some other constitutionally protected interest. Moreover, Austin has failed to allege any facts demonstrating the existence of discriminatory intent. This court therefore concludes that, to the extent Austin asserts an equal protection claim, the defendants' motion for summary judgment should be granted.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. The motion for summary judgment filed by the plaintiff be DENIED.

2. The motion for summary judgment filed by the defendants be GRANTED.

3. The plaintiff's claims challenging the constitutionality of the conviction and fine imposed upon him by the Tuskegee Municipal Court be dismissed without prejudice.

4. The remaining claims against the defendants be dismissed with prejudice.

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation **on or before June 30, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2008.

                                                /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE